Gartside v. Gartside.

42 513
48 635
48 638

42 513
146m457

42 513
88 177

EMMA GARTSIDE *et al.*, Appellants, v. CHARLES E. GARTSIDE, Respondent.

### St. Louis Court of Appeals, December 9, 1890.

1. **Practice, Appellate:** JURISDICTION. It is the uniform practice of this court to transfer to the supreme court all causes wherein any reasonable doubt exists touching the jurisdiction of the appeal. *Held,* accordingly, that the cause at bar which was a proceeding to remove a trustee, or require him to give bond, should be thus transferred, since the trusteeship was for life and involved the partial control of two hundred thousand dollars, though the record did not show what its pecuniary value was.

2. **Jurisdiction, Appellate.** *Held, arguendo,* that, where the right of appeal depends on the value of the matter in dispute, such value must be estimated in money; but it does not follow that it is essential to an appellate jurisdiction which covers only cases wherein the amount in dispute is in excess of a certain sum ( as in the case of the jurisdiction of the supreme court of this state ) that the recovery of money or property in excess of that limit should be the direct object of the suit.

*Appeal from the St. Louis City Circuit Court.*—HON. JAMES E. WITHROW, Judge.

*Transferred to Supreme Court.*

*D. T. Jewett,* for appellants.

*W. E. Fisse,* for respondent.

ROMBAUER, P. J.—The female plaintiffs are daughters of Joseph Gartside, and bring this suit, under the provisions of section 8685, and those following, of the Revised Statutes of 1889, for the purpose of causing the removal of the defendant as trustee, unless he gives bond for the faithful execution of the trust.

The petition states that Joseph Gartside left a personal estate of the value of six hundred thousand dollars and more, and real property of the value of two hundred thousand dollars and more; that, by his will,

he appointed the defendant one of his trustees, and that the defendant is now the sole trustee, and that the will did not, in express terms, dispense with the giving of security by the trustee ; that Joseph Gartside left a widow, two sons and four daughters, and his will, after providing for an annuity for life of five thousand dollars to his widow, and the setting apart to her of the family residence for life, provided for an equal distribution of the residue of his estate among his children, the shares of the daughters to be held by the trustees for their sole and separate use ; that, under the provisions of the will, the real and personal estate was partitioned, and the defendant, as trustee, now holds for the three female plaintiffs the legal title to their shares in the real estate, as well as nineteen hundred and eighty shares, of the par value of one hundred and ninety-eight thousand dollars, of the stock of the Gartside Coal Company, a corporation.  The petition further charges that the trustee was guilty of misconduct in the management of the estate, and concludes with a prayer that the court should either remove him, or compel him to give bond for the faithful execution of his trust.

The question first to be decided is, whether the amount in dispute, exclusive of costs, exceeds twenty-five hundred dollars, so as to confer exclusive jurisdiction of the appeal on the supreme court.   We find no analogous case in this state, and cases decided by the supreme court of the United States do not leave the question entirely free from doubt.   We assume it is settled beyond controversy that, where the right of appeal depends on the value of the matter in dispute, such value must be estimated in money.   *Barry v. Mercien,* 5 How. 103 ; *Pratt v. Fitzhugh,* 1 Black. 271 ; *Lee v. Lee,* 8 Pet. 44 ; *Elgin v. Marshall,* 106 U. S. 578.   But it does not follow that an appellate court only has jurisdiction, if the recovery of money or property, in excess of the jurisdictional limit, is the immediate

object of the suit. Thus it was held that, in a suit to establish a right to an office, the aggregate amount of the salary for the unexpired term claimed by the adverse party is the value of the matter in dispute. *Smith v. Whitney*, 116 U. S. 167 ; *United States ex rel. v. Addison*, 22 How. 174. Also, that, in a suit for an injunction, the value of the object sought to be gained by the bill, and not the amount of the plaintiff's damages, is the value of the matter in dispute, *Market Co. v. Hoffman*, 101 U. S. 112. Also, that, where equitable and legal considerations are involved in the cause, and the effect of the judgment is to adjust the title to land of much value, the supreme court of the United States has appellate jurisdiction, although the amount in immediate dispute is less than a sum sufficient to give that court jurisdiction. *Stinson v. Dousman*, 20 How. 461.

In the case at bar the record fails to show what value, if any, attaches to the defendant's position as trustee, but it does appear that the duration of that office, if it may be so called, is for life, and invests him, as far as these plaintiffs are concerned, with the partial control of property of the value of two hundred thousand dollars or more, of which he is to be deprived by this proceeding, and we are not prepared to say, unconditionally, that this is a case where the amount in dispute does not exceed twenty-five hundred dollars.

Our uniform practice has been to order the transfer to the supreme court of all causes wherein any reasonable doubt exists touching our jurisdiction. This enables the parties to have the question of jurisdiction set finally at rest in the particular case by filing a motion to remand, and obtaining the views of the supreme court on such motion.

It is ordered that this cause be transferred to the supreme court, and that the clerk send the transcript herein with a copy of this order of transfer to that court. All the judges concur.