THE EVENS & HOWARD FIRE BRICK COMPANY, Appellant, v. THE ST. LOUIS SMELTING & REFINING COMPANY, Respondent.

St. Louis Court of Appeals, March 22, 1892.

Jurisdiction, Appellate: AMOUNT INVOLVED. When the object of a suit is not to obtain a money judgment but other relief,—in this cause an injunction,—the amount involved must be determined by the value in money of the relief to the plaintiff, and of the loss to the defendant, should the relief be granted, or *vice versa,* should the relief be denied; if either is necessarily in excess of $2,500, the supreme court has appellate jurisdiction in the cause.

*Appeal from the St. Louis City Circuit Court.*—HON. JACOB KLEIN, Judge.

TRANSFERRED TO THE SUPREME COURT.

ROMBAUER, P. J.—The plaintiff in this proceeding seeks to obtain a perpetual injunction, restraining the defendant from causing damage by the operation of its smelting and refining works, as now conducted, to the plaintiff's adjacent property. The bill seeks to compel the defendant either to remedy certain alleged defects in the construction of its works, or else to desist altogether from their future operation. Upon a final hearing the circuit court dismissed plaintiff's bill, mainly on the ground that it had forfeited by its laches all rights to equitable relief.

The transcript of the record filed herein discloses that upon the trial below there was evidence tending to show the following facts : The aggregate cost of the defendant's plant is $400,000, or more. A perpetual injunction preventing its operation would reduce that property to a value, comparatively nominal. The cost of the erection of such a fume condenser, as the plaintiff claims would obviate the evils now complained of, would be $60,000, or more, and the cost of putting in any condenser likely to obviate such evils between $12,000, and $15,000, exclusive of losses caused to the defendant's business by its interruption. There was also evidence tending to show that the interruption of the defendant's business for a considerable period would entail upon it a loss equivalent to financial ruin.

This partial epitome of the evidence suffices to show that, on any conceivable theory, the amount in dispute in this controversy is in excess of $2,500. It is settled that, where the right of appeal depends on the value of the matter in dispute, such value must be estimated in money. When the object of the suit, however, is not to obtain a money judgment, but other relief, the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or *vice versa*, should the relief be denied. If either is necessarily in excess of the sum within the appellate jurisdiction of this court, then the supreme court has exclusive cognizance of the appeal. We took this view in the case of *Gartside v. Gartside*, 42 Mo. App. 513, in transferring that case to the supreme court, and that court, in refusing to remand the cause to us upon a motion made to that effect, affirmed our holding.

It results from the foregoing that it is our duty to transfer this cause to the supreme court. It is, therefore, ordered that the clerk do so, and at one send to the supreme court all the papers in this cause with a copy of this order of transfer. All the judges concur.