THE EVENS & HOWARD FIRE BRICK COMPANY, Appellant, v. THE ST. LOUIS SMELTING & REFINING COMPANY AND MISSOURI PACIFIC RAILWAY COMPANY, Respondents.

### St. Louis Court of Appeals, March 22, 1892.

1. **Jurisdiction, Appellate: DISPUTED BOUNDARY.** *Semble*, that a question of disputed boundary does not involve title to land within the purview of the constitutional provisions defining the jurisdiction of this court.

2. ————: AMOUNT INVOLVED. The rule adopted in *Evens & Howard Fire Brick Co. v. St. Louis Smelting & Refining Co.*, ante, p.634, is followed and applied.

*Appeal from the St. Louis City Circuit Court.*—HON. LEROY B. VALLIANT, Judge.

TRANSFERRED TO THE SUPREME COURT.

ROMBAUER, P. J.—This is a proceeding to restrain the defendants from the use and obstruction of a railroad switch, which connects with the main tracks of the Missouri Pacific Railroad Company. No preliminary restraining order was granted. On final hearing the court dismissed the plaintiff's bill, and entered judgment for costs against the plaintiff. The appeal is prosecuted from that judgment.

The defendants move for a transfer of the appeal to the supreme court, because the amount in dispute, exclusive of costs, exceeds the sum of $2,500, and because the title to real estate is involved in the case. The first ground of the motion is supported by affidavit.

The plaintiff's petition states that partly by way of reservation of an exclusive right to use this switch contained in certain deeds, and partly as a result of subsequent agreements between the plaintiff and the

defendant smelting and refining company, the plaintiff is entitled to the exclusive use of the switch, and that the two defendants have interfered, and do interfere, with such exclusive use. The answer of the smelting and refining company, defendant, contains, *first*, a general denial; *next*, pleads the statutory limitation of ten years' adverse occupancy as a bar by laches in equity to the relief prayed for, then states that the switch in actual use is not the switch covered by the reservations in the deeds mentioned in the plaintiff's petition; then states that all of the defendant's works have been constructed and adjusted for a period of ten years and more, with plaintiff's knowledge and consent, so as to require the use of this switch, and that the interruption of such use would subject the defendant to irremedial damage and injury.

On the trial there was testimony tending to show that the switch was not on the land covered by the deeds containing the reservation. Whether this defense and evidence show that title to real estate is involved may be doubted, since the question presented is more a question of disputed boundary than anything else, and we have heretofore retained jurisdiction in this class of cases. *Hammontree v. Huber*, 39 Mo. App. 326.

The defendant, as its name indicates, is a smelter and refiner of ores. It uses this switch for hauling the ores that it treats. There was evidence tending to show that the use of this switch was of great importance to the defendant in its business, which was very extensive; that defendant's output averaged from $200,000 to $300,000 a month in silver, and from $7,000 to $8,000 a day in lead. The evidence, therefore, fairly warrants the conclusion that the deprivation of the use of this switch would subject this defendant to a financial loss greatly in excess of $2,500.

In addition the defendant has filed an affidavit which is not controverted, showing the financial loss

necessarily resulting to it, in case it is deprived of the use of this switch, would be greatly in excess of $2,500.

Following our ruling in the case between the same parties, *ante*, p. 634, and in the case of *Gartside v. Gartside*, 42 Mo. App. 513, we deem it our duty to transfer this appeal to the supreme court on the ground that the amount in dispute therein, exclusive of costs, exceeds $2,500. So ordered. All the judges concur.