JOHN W. BOWLES, Guardian, Appellant, v. HARRY TROLL, Public Administrator, Respondent.

St. Louis Court of Appeals. Argued and Submitted January 11, 1913. Opinion Filed March 1, 1913.

1. JURISDICTION: Supreme Court: More Than $7500 Involved: Appellate Practice. A suit by a foreign guardian of an insane person to remove a guardian appointed by a probate court in this State and to require him to turn over to such foreign guardian $10,000 in his hands belonging to the insane person, is a suit in which the amount in dispute, exclusive of costs, exceeds $7500, and hence a Court of Appeals would not have jurisdiction of the appeal.

2. ——: ——: ——: ——. Neither silence nor consent can confer jurisdiction on an appellate court over the subject-matter, and hence where the amount in dispute in a cause appealed to a Court of Appeals exceeds $7500, exclusive of costs, the court will, of its own motion, take notice that it does not possess jurisdiction and will transfer the cause to the Supreme Court.

Appeal from St. Louis City Circuit Court.—*Hon. Jas. E. Withrow*, Judge.

TRANSFERRED TO SUPREME COURT.

*Warren D. Isenberg* for appellant.

*Henderson, Marshall & Becker* for respondent.

REYNOLDS, P. J.—This is a suit in equity brought by a nonresident guardian of an insane woman, the guardian duly appointed by the district court of Warren county, Iowa, for the removal of the public administrator of the city of St. Louis, who by order of the probate court of that city has been appointed guardian of the same insane woman, who, at the time of bringing the suit, resided and still resides in the state of Iowa, confined, as it is alleged, in an institution for the insane in Warren county, Iowa. It is al-

leged in the petition that appellant had been duly appointed by the proper court in Iowa, as guardian of the person and estate of the insane woman; that she had no means except a small pension from the United States government; that she had three children, one of them a minor without means, and that it appearing to the Iowa court that the insane woman had $10,000 in the State of Missouri, that court directed appellant, as guardian, to execute a new bond in the sum of $20,000, which he did and thereupon he was authorized and directed by the court to take charge of such of the estate of the insane woman as was situate in the State of Missouri. Bringing this suit in equity, appellant seeks to have the local guardian, respondent here, make final settlement, and thereupon be discharged from the care of the estate in this State, and that he be ordered to turn over the property of his ward which is now in this State, namely, the ten thousand dollars in his hands, to appellant. The circuit court heard the case on an agreed statement of facts and some documentary evidence, all showing the above. It was specifically admitted that the insane person is not indebted, so far as known, to any person in the State of Missouri in any sum; that two years have passed since the appointment of respondent as guardian and notice of the appointment had been duly given as required by law, that all claims that have been proven against the estate of the ward in Missouri have been paid, and that at the time of the submission of the cause to the circuit court, there was "in the hands of the defendant as guardian about the sum of $10,000."

In the elaborate briefs of counsel for the respective parties and in the oral argument, which was made before us by one of the learned counsel for respondent, no suggestion of lack of jurisdiction of this court was made, nor in the argument before us was this court advised of the amount in dispute. On examination of the record, however, it clearly appears that the amount

in dispute here exceeds $7500, exclusive of costs; that is to say a fund of $10,000 in the hands of the public administrator, as guardian and curator. On practically the same question our court transferred the case of Gartside v. Gartside, 42 Mo. App. 513, to the Supreme Court and that court retained and exercised jurisdiction over it. [See Gartside v. Gartside, 113 Mo. 348, 20 S. W. 669.] As the amount in dispute is at the very foundation of our jurisdiction over any cause, this court is bound to see for itself, that it has jurisdiction. Neither silence nor consent of parties can confer jurisdiction over the subject-matter. It follows that the appeal herein was improvidently taken to this instead of to the Supreme Court. It is accordingly ordered that this cause and all the files and papers pertaining thereto be transferred to the Supreme Court. *Nortoni* and *Allen, JJ.,* concur.