710    SUPREME COURT OF MISSOURI,

State ex rel. E. L. & P. Co. v. Reynolds.

THE STATE ex rel. UNION ELECTRIC LIGHT & POWER COMPANY v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

In Banc, April 2, 1914.

1. **MANDAMUS: Practice: Demurrer to Petition: Issues of Fact.** A return in the nature of a demurrer to the alternative writ in mandamus admits the facts pleaded in the application for the writ. Likewise, if the *quo warranto* case in the trial court went off on demurrer, the facts pleaded in the petition therein were thereby admitted; and if that petition is incorporated in defendant's application for the writ of mandamus to compel the transfer of the case from the Court of Appeals to the Supreme Court and the return is in the nature of a demurrer, the facts pleaded in that petition are admitted.

2. **APPELLATE JURISDICTION: Amount in Dispute: Uncontradicted Affidavit Filed in Court of Appeals.** As to "the amount in dispute" the record coming from the trial court must show the appellate jurisdiction or the facts from which such jurisdiction may be determined. The jurisdiction of the Court of Appeals cannot be ousted by an uncontradicted affidavit filed therein, either before or after it has rendered judgment, stating that "the financial loss that will necessarily result to defendant by such judgment and action will be greatly in excess of ten thousand dollars, exclusive of costs."

3. ——: ——: **Quo Warranto to Oust Corporation of Franchises.** Where the pleadings admit that the object and purpose of the *quo warranto* case, brought in the name of the State upon the information of the circuit attorney, are to oust of its franchises and corporate life a corporation having capital stock of ten million dollars, that said corporation at the time said proceeding was brought supplied ninety-five per cent of the electric light to the greatest city in the State, and that it has a virtual monopoly of selling electricity to the public in said city, "the amount in dispute" exceeds seventy-five hundred dollars, and the Supreme Court has jurisdiction of the appeal from a judgment of ouster entered in the circuit court. In such case the test is the loss in money to defendant should said judgment be sustained.

Mandamus.

WRIT ALLOWED.

*Boyle & Priest, Schnurmacher & Rassieur* and *T. E. Francis* for relator.

(1) The matter in controversy exceeds the jurisdiction of the St. Louis Court of Appeals. McCoy v. Randall, 222 Mo. 24; Gartside v. Gartside, 42 Mo. App. 513; Fire Brick Co. v. Smelting Co., 48 Mo. App. 634; Overall v. Traction Co., 88 Mo. App. 175. (2) The State itself being relator herein, this court, and not the Court of Appeals, has jurisdiction. Constitution, art. 6, sec. 12. (3) On the oral argument, it was stated by counsel for respondents that this case was here before on an application for mandamus against the circuit court (see State ex rel. Union El. L. & P. Co. v. Grimm, 220 Mo. 483), and the files and records of this court, of which this court will, of course, take notice, confirm this statement. This court, therefore, having in such proceeding made a "decision or ruling" in a case still "pending" has exclusive appellate jurisdiction. R. S. 1909, sec. 3937, as amended by Laws 1911, p. 190; Curtis v. Sexton, 252 Mo. 221; Patent Door Co. v. Fuelle, 215 Mo. 421.

*Thomas B. Harvey* and *R. P. Spencer* for respondents.

(1) There is no "amount in dispute." (a) The matter in controversy is not susceptible of a monetary value. Schuerichs v. Light Co., 183 Mo. 497; Moffat v. Board of Trade, 203 Mo. 277. (b) The information, a demurrer to which was sustained, discloses no amount in dispute. Wilson v. Drainage Dist., 237 Mo. 39; Ferguson v. Comfort, 159 Mo. App. 32. (c) The case, as presented by the papers in the trial court, in no manner discloses facts which would bring this action within the appellate jurisdiction of the Supreme Court. Cherry v. Cherry, 150 Mo. App. 418; State ex

rel. v. Gill, 107 Mo. 44. (d) Relator endeavors to bring an amount in dispute in the case by affidavit in the Court of Appeals after the record in the court of first instance is complete and certified to. This is not permissible. Tobacco Co. v. Rombauer, 113 Mo. 435. (e) It cannot be affirmatively determined from the record what the amount is, and therefore the Supreme Court does not have jurisdiction of the appeal. Kitchell v. Railroad, 146 Mo. 455; Scheurich v. Light Co., 183 Mo. 499. (f) The "amount in dispute" cannot be a contingent loss or damage. Ross v. Prentiss, 44 U. S. 771; Wallach v. Rudolph, 30 S. Ct. 587. The Court of Appeals has appellate jurisdiction of *quo warranto* proceedings wherein the State itself sues on information filed by the proper officer. State ex rel. v. Jenkins, 25 Mo. App. 484; State ex rel. v. Small, 131 Mo. App. 470; State ex rel. v. Gravel Road, 37 Mo. App. 496; State ex rel. v. Bacon Club, 44 Mo. App. 86; State ex rel. v. Modern Horseshoe Club, 167 Mo. App. 644. (3) The amendment to Sec. 3937, R. S. 1909, approved March 30, 1911, Laws 1911, p. 190, has no bearing on this case. That is meant to apply to a case that has been before this court upon a formal appeal, and in which, upon such formal appeal, this court has made any decision or ruling. Curtis v. Sexton, 252 Mo. 221.

GRAVES, J.—This is an original proceeding in mandamus by which it is sought to compel the Judges of the St. Louis Court of Appeals to transfer the case of "State of Missouri *ex informatione* Arthur N. Sager, Circuit Attorney, Informant, Appellant, v. Union Electric Light and Power Company, Respondent," an action in *quo warranto,* to this court. Upon application our alternative writ of mandamus was issued, to which return has been duly made by the Judges of the Court of Appeals, in the nature of a demurrer. Such return reads:

"Now come the respondents in the above entitled cause and for answer and return to said writ, demur to the petition and writ of the petitioner, and assign the following causes of demurrer, to-wit:

"1.  Said petition and alternative writ and the matters and things therein as stated and set forth are not sufficient in law or equity to entitle the plaintiff to the relief asked for in said petition, or to authorize the issuing of said writ of mandamus.

"2.  The record in the trial court of the cause of the State of Missouri *ex informatione* Arthur N. Sager, Circuit Attorney of the city of St. Louis, Appellant, v. Union Electric Light and Power Company, which the petitioner seeks to have transferred to the Supreme Court of Missouri, does not in any manner disclose such facts as would bring such action within the appellate jurisdiction of the Supreme Court, but said record does disclose such facts as would bring said cause within the appellate jurisdiction of the St. Louis Court of Appeals.

"3.  There is no 'amount in dispute' and the State merely asks a judgment forfeiting the franchise or right of being a corporation, and the matter in dispute is not susceptible of a monetary valuation, there being nothing properly before the court from or by which any test of money value might be applied.

"4.  The petitioner bases his prayer for relief, not upon the record in the trial court, but upon an affidavit made by one of its officers and filed after the appeal had been taken and the St. Louis Court of Appeals had acquired appellate jurisdiction of the cause.

"5.  This case does not involve the construction of the Constitution of the United States or of this State; nor the validity of a treaty or statute of or an authority exercised under the United States; nor the construction of the revenue laws of this State; nor the title to any office in this State; nor title to real estate; nor is the county or other political subdivision

of· the State or any State officer a party to the suit within the meaning of the State Constitution.''

The case is submitted here upon the pleadings. As the return is in the nature of a demurrer, thereby admitting the facts pleaded in the application for our writ, it will become necessary to detail some of those facts, but this will be done in connection with the points made. Relator in this court makes these points: (1) That the matter in controversy exceeds the jurisdiction of the Court of Appeals; (2) that the State of Missouri being the real party in interest in the *quo warranto* proceeding, the jurisdiction on appeal is in this court and not the Court of Appeals; and (3) it urged that this case was in this court before (State ex rel. v. Grimm, 220 Mo. 483) and that we made a ruling therein, and that for such reason, the appellate jurisdiction is here under the Act of 1911, Laws 1911, p. 190. Upon these several questions the case is briefed and submitted. This fairly outlines the controversy except as to details.

I.   It is urged that the amount involved brings the jurisdiction of the *quo warranto* case, upon appeal, to this court. This calls for a little fuller statement of facts.   In the circuit court the *quo warranto* case went off on demurrer. The facts in the petition were admitted by the demurrer. That petition is incorporated in and made a part of the petition for mandamus here. The facts of relator's petition for mandamus stand admitted in the instant case, because the respondents' return is in its nature a demurrer. The plaintiff in the *quo warranto* case seeks to oust the respondent of its corporate charter and thereby its right to do business in this State. In the *quo warranto* petition it is charged that the capital stock of the respondent in that case (the relator in the case at bar) is $10,000,000. It is also charged in

*Appellate Jurisdiction: Quo Warranto: Amount Involved.*

VOL. 256, OCTOBER TERM, 1913.        715

State ex rel. E. L. & P. Co. v. Reynolds.

that petition that the respondent in that case (relator here) ''has a virtual monopoly of the business of furnishing, distributing and selling electricity to the public of the city of St. Louis, having control of at least ninety-five per cent of said business,'' etc. In addition to what appears from that petition, when the *quo warranto* case reached the St. Louis Court of Appeals, the respondent therein (the relator herein) filed its motion to transfer to this court, alleging among other things that more than $7500 was involved, and with said motion filed the following affidavit:

State of Missouri, City of St. Louis, ss.

A. C. Einstein, being duly sworn, makes oath and says that he is the First Vice President and General Manager of the Union Electric Light and Power Company, the respondent in the above entitled cause, and is entirely familiar with its business and affairs; that if a writ of ouster should be granted against said Union Electric Light and Power Company, excluding it from all corporate rights and privileges under the laws of this State and forfeiting its franchise rights, authority, license and certificate to do business under the laws of this State, and ousting it from its corporate franchise privileges, license and authority to do business under the laws of this State, as prayed by the appellant, the financial loss which will necessarily result to respondent from such judgment and action will be greatly in excess of ten thousand dollars, exclusive of the costs of this proceeding.          A. C. Einstein.

Subscribed and sworn to before me this 21st day of December, 1912. My commission expires Dec. 22nd, 1914.

Theodore S. Heinz,
Notary Public, City of St. Louis, Mo.

From the petition for mandamus it appears that this motion was overruled, although the affidavit aforesaid was not controverted. The record here showing the facts above detailed relator contends that our permanent writ should go. We think as does relator, for reasons to be assigned in the succeeding paragraphs.

716    SUPREME COURT OF MISSOURI,

State ex rel. E. L. & P. Co. v. Reynolds.

II. It is urged by the respondent
Appellate here that we can not consider this affi-
Jurisdiction:
Amount in davit, undisputed as it is. In Evens &
Dispute: Howard Fire Brick Co. v. St. Louis
Uncontradicted
Affidavit Filed in Smelting & Refining Co., 48 Mo. App.
Court of Appeals. 636, an undisputed affidavit seems to
have been recognized by that court. In
that case it is said:

"The defendant, as its name indicates, is a smelter
and refiner of ores. It uses this switch for hauling
the ores that it treats. There was evidence tending to
show that the use of this switch was of great import-
ance to the defendant in its business, which was very
extensive; that defendant's output averaged from
$200,000 to $300,000 a month in silver and from $7000
to $8000 per day in lead. The evidence therefore fairly
warrants the conclusion that the deprivation of the
use of this switch would subject this defendant to a
financial loss greatly in excess of twenty-five hundred
dollars. In addition, the defendant has filed an affi-
davit, which is not controverted, showing the financial
loss necessarily resulting to it, in case it is deprived
of the use of this switch, would be greatly in excess
of twenty-five hundred dollars. Following our ruling
in the case between the same parties, *ante,* page 634,
and in the case of Gartside v. Gartside, 42 Mo. App.
513, we deem it our duty to transfer this appeal to
the Supreme Court on the ground that the amount in
dispute therein, exclusive of costs, exceeds twenty-five
hundred dollars."

But in Addison Tinsley Tobacco Co. v. Rombauer,
113 Mo. l. c. 439, this court, through BARCLAY, J., said:

"Where the court to which an appeal should go is
to be ascertained, under the Constitution (Constitu-
tion 1875, art. 6, sec. 12), by the 'amount in dispute'
in a given case, the proceedings therein in the trial
court should disclose the facts on which the appeal is
to proceed. On the state of the record in the court of

first instance depends the question as to which one of the two courts of appeal, the Supreme or the appellate court, should have jurisdiction. Hence parties must see to it in the trial court that the full showing they wish to rely upon in that regard in the future course of the case, is made. The first division of the Supreme Court so held in State ex rel. v. Gill, 107 Mo. 44, and that ruling is decisive of the case at bar.

"Here the first attempt at a showing that the amount involved exceeded $2500 was presented by affidavits in the St. Louis Court of Appeals, after a judgment had been entered there. That showing it appears to me was entirely too late to attach the jurisdiction of the Supreme Court to the judgment of the circuit court for the purposes of review under the Constitution.

"It is not claimed nor does the record show that the judgment of the Court of Appeals reaches or decides any other or larger issues than those involved in the cause in its earlier stages."

It is true that the case at bar differs from that case in the fact that the jurisdiction of the Court of Appeals in the instant case was challenged before a consideration and judgment, whilst in the Rombauer case the affidavits were filed after the court had entered its judgment. This, however, we do not think changes the situation. The question is whether the record coming from the trial court must show the jurisdiction, or facts from which the jurisdiction may be determined, or can such facts be brought in later by affidavit? We think the record coming from the trial court should disclose the facts, as was held in the Rombauer case, supra. The case at bar should be determined without the consideration of this affidavit. It would be a dangerous practice to have jurisdiction shifted from one court to another on mere affidavit. Nor would it look well to have appellate courts determine their jurisdiction of a cause from affidavits and

counter affidavits, after the record from the court *nisi* had been made up and filed.

III.   But the exclusion of this affidavit from consideration does not debar the relator from our permanent writ of mandamus.   There is enough upon the face of the petition in the *quo warranto* case to demonstrate that the jurisdiction upon appeal is here rather than in the Court of Appeals.   The petition in the *quo warranto* case shows that its object and purpose is to take the very life of a $10,000,000 corporation.   Not only so, but it further shows that said corporation was at the time furnishing ninety-five per cent of the electric light to the greatest metropolitan city of our State.   Under the law, Revised Statutes 1909, section 2976, the incorporation fee alone for such a corporation would be $5025.   It is clear that the rights to be lost by the corporation in the event the State were successful in its *quo warranto* suit would vastly exceed in dollars and cents the pecuniary jurisdictional limit of the St. Louis Court of Appeals.   If from the whole record the amount in dispute, or the monetary value of the right lost, is within the jurisdiction of this court, then the appeal lies here rather than elsewhere.   [Vanderberg v. Gas Co., 199 Mo. 455; Mc-Coy v. Randall, 222 Mo. 24; Clothing Co. v. Watson, 168 Mo. l. c. 143.]

*Appellate Jurisdiction: $10,000,000 Corporation: Quo Warranto: Amount ʾ Dispute.*

In the later case it is said, ''The test is the value in money of the relief afforded plaintiff should the relief prayed for be granted, or *vice versa,* should the relief be denied.   [Evens & Howard Fire Brick Co. v. St. Louis Smelting & Ref. Co., 48 Mo. App. 634; Gast Bank Note & L. Co. v. Assn., 147 Mo. 557.]''

It will be observed that in the Watson case, supra, we cite with approval the case of Evens & Howard Fire Brick Co. v. St. Louis Smelting & Ref. Co., 48

VOL. 256, OCTOBER TERM, 1913. 719

State ex rel. E. L. & P. Co. v. Reynolds.

Mo. App. 634. In that case the Court of Appeals, in getting at the rule for determining jurisdiction, said:

"It is settled that, where the right of appeal depends on the value of the matter in dispute, such value must be estimated in money. When the object of the suit, however, is not to obtain a money judgment, but other relief, the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or *vice versa,* should the relief be denied. If either is necessarily in excess of the sum within the appellate jurisdiction of this court, then the Supreme Court has exclusive cognizance of the appeal. We took this view in the case of Gartside v. Gartside, 42 Mo. App. 513, in transferring that case to the Supreme Court, and that court, in refusing to remand the cause to us upon a motion made to that effect, affirmed our holding."

At the same term of the court the St. Louis Court of Appeals had another case in which the same corporation was plaintiff, and the same corporation was defendant, but in which the Missouri Pacific Railway Company was an additional defendant. [48 Mo. App. 636.] That case was likewise certified to this court. ROMBAUER, P. J., in determining the pecuniary value of the right involved, said:

"The defendant, as its name indicates, is a smelter and refiner of ores. It uses this switch for hauling the ores that it treats. There was evidence tending to show that the use of this switch was of great importance to the defendant in its business, which was very extentive; that defendant's output averaged from $200,000 to $300,000 a month in silver, and from $7000 to $8000 a day in lead. The evidence, therefore, fairly warrants the conclusion that the deprivation of the use of this switch would subject this defendant to a financial loss greatly in excess of $2500."

This case shows the course of reasoning used by the courts in determining the money value of the right involved. In Gartside v. Gartside, 42 Mo. App. 513, we have a suit to remove a person as trustee of an estate. The value of the estate was alleged to be $600,000 in personal property and $200,000 in realty. In this case, ROMBAUER, P. J., says:

"The question first to be decided is, whether the amount in dispute, exclusive of costs, exceeds twenty-five hundred dollars, so as to confer exclusive jurisdiction of the appeal on the Supreme Court. We find no analogous case in this State, and cases decided by the Supreme Court of the United States do not leave the question entirely free from doubt. We assume it is settled beyond controversy that, where the right of appeal depends on the value of the matter in dispute, such value must be estimated in money. [Barry v. Mercein, 5 How. 103; Pratt v. Fitzhugh, 1 Black. 271; Lee v. Lee, 8 Pet. 44; Elgin v. Marshall, 106 U. S. 578.] But it does not follow that an appellate court only has jurisdiction, if the recovery of money or property, in excess of the jurisdictional limit, is the immediate object of the suit. Thus it was held that, in a suit to establish a right to an office, the aggregate amount of the salary for the unexpired term claimed by the adverse party is the value of the matter in dispute. [Smith v. Whitney, 116 U. S. 167; United States ex rel. v. Addison, 22 How. 174.] Also, that, in a suit for an injunction, the value of the object sought to be gained by the bill, and not the amount of the plaintiff's damages, is the value of the matter in dispute. [Market Co. v. Hoffman, 101 U. S. 112.] Also, that, where equitable and legal considerations are involved in the cause, and the effect of the judgment is to adjust the title to land of much value, the Supreme Court of the United States has appellate jurisdiction, although the amount in immediate dispute is less than a sum

sufficient to give that court jurisdiction. [Stinson v. Dousman, 20 How. 461.]

"In the case at bar the record fails to show what value, if any, attaches to the defendant's position as trustee, but it does appear that the duration of that office, if it may be so called, is for life, and invests him, as far as these plaintiffs are concerned, with the partial control of property of the value of two hundred thousand dollars or more, of which he is to be deprived by this proceeding, and we are not prepared to say, unconditionally, that this is a case where the amount in dispute does not exceed twenty-five hundred dollars.

"Our uniform practice has been to order the transfer to the Supreme Court of all causes wherein any reasonable doubt exists touching our jurisdiction. This enables the parties to have the question of jurisdiction set finally at rest in the particular case by filing a motion to remand, and obtaining the views of the Supreme Court on such motion."

This Gartside case reached this court, and upon motion filed to remand, this court refused to remand, and in so doing accepted the rule adopted by Judge ROMBAUER. [*Vide* 48 Mo. App. l. c. 635, supra.]

So we say in the case at bar, the allegations in the petition show that the monetary value of the right involved, i. e., the life or death of a $10,000,000 corporation, doing ninety-five per cent of the private lighting of the greatest city of the State, is such as to give this court appellate jurisdiction of the case.

Other questions raised become immaterial. Our permanent or absolute writ of mandamus should go. It is so ordered. All concur.