JOHN W. BOWLES, Iowa Guardian of MAGGIE V. WILSON, an Insane Person, Appellant, v. HARRY TROLL, Public Administrator and Missouri Guardian of Said MAGGIE V. WILSON.

Division One, December 2, 1914.

1. **APPELLATE JURISDICTION: Errors Corrected Sua Sponte: Retransfer After Motion Overruled.** The Supreme Court is a court of errors, and the power to correct its own errors is self-evidently an integral part and parcel of its powers to correct the errors of other courts, and the duty to correct them in the same case at the first opportunity is always present where a ruling is sharply wrong and unsettles correct practice of the law. And especially is this true of so vital a question as jurisdiction—a question always obtruding itself *sua sponte* in any case in any court. So that where a case has been transferred to the Supreme Court by the Court of Appeals, on the ground that the amount in dispute exceeds $7500, and a motion to retransfer on the ground of lack of jurisdiction has been overruled, although the court could undoubtedly take the question as foreclosed once for all, yet if upon further examination it appears that the motion was improvidently overruled, the case will be retransferred.

2. ————: **Contest Between Guardians: Amount in Dispute.** The Supreme Court does not have appellate jurisdiction of an

appeal from a judgment of a court of equity decreeing that an Iowa guardian of an insane person whose domicile is in that State is not entitled to have the administration of the Missouri guardian closed and all the assets turned over to him, where the value of her estate in this State amounts to only $10,000. Neither guardian owns the fund in his own right; both are trustees, and she is the beneficial owner; the value of the right to the custody of the fund, in either, depends upon the perquisites, emoluments and fees of his trusteeship falling to him in administering the estate, and the value of those things is "the amount in dispute" between them, and that value cannot by any legal estimate amount to $7500, where the assets are worth only $10,000.

Appeal from St. Louis City Circuit Court.—*Hon. James E. Withrow,* Judge.

Transferred to St. Louis Court of Appeals.

*Warren D. Isenberg* and *A. V. Proudfoot* for appellant.

*Marshall & Henderson* for respondent.

LAMM, J.—Plaintiff sued in equity in the St. Louis Circuit Court. The object and general nature of his bill was to procure a decree in his favor, as Iowa guardian, requiring Troll, the Missouri guardian, to make a final settlement of his accounts, and pay over the balance in his hands, that is, transfer the estate, and for general relief—the bill counting on the theory that the ward resided in Iowa; was adjudged insane and confined in an asylum there; that plaintiff is the primary or domiciliary guardian, and defendant the ancillary guardian; that the purposes of the Missouri guardianship have been fully subserved and to continue it would subject the estate of the ward to the wasting burden of double costs and expense.

The case was tried in a notably unconventional way, on an agreed statement of facts, in substance as follows:

Mrs. Wilson is an insane person domiciled for twenty years in Iowa, adjudged insane by a court of competent jurisdiction in Warren county in that State in 1897, and since then confined in an Iowa hospital, the Clarinda Insane Asylum; that in 1897 Bowles, plaintiff, was duly appointed her guardian in Iowa by a named court of competent jurisdiction and has ever since acted as such; that in 1906 defendant Troll, public administrator of St. Louis, was duly appointed guardian in Missouri, and is now acting as such; that plaintiff as guardian is under a $20,000 bond in the proper court in Warren county, Iowa, which bond is now in full force and effect; that said court authorized plaintiff by its due orders to collect by proper proceeding the estate of said ward in the hands of defendant; that the ward is a widow with three children, one a minor about fourteen years of age; that she has no estate in Iowa except a widow's pension, a small one, received from the United States government; that plaintiff is a relative of said ward by marriage, and a fit and suitable person to be guardian at the domicile of the ward; that plaintiff at the time of defendant's appointment as guardian, being a non-resident of Missouri, could not be appointed guardian in this State; that defendant's appointment as such was for the purpose of collecting funds of the ward's estate in Missouri; that Troll as such guardian has in his hands about $10,000; that the ward is not indebted, so far as known, to any person in Missouri; that two years have passed since Troll's appointment; that notice of his appointment was duly given as required by law; and that all claims proved against his ward's estate in Missouri have been paid.

On such agreed facts, the court found for defendant and plaintiff appealed on due steps to the St. Louis Court of Appeals. That court, on its own motion, transferred the case to this court on the theory "the amount in dispute" exceeds $7500 exclusive of costs,

basing its ruling on the doctrine of Gartside v. Gartside, 42 Mo. App. 513, a case transferred here and of which 'we retained jurisdiction. [113 Mo. 348.] Subsequently, it seems, a motion was filed in this court to remand the instant case to the St. Louis Court of Appeals on the grounds of our lack of jurisdiction. This motion was overruled, we now think improvidently. Undoubtedly we could take the question as foreclosed once for all by our ruling on the motion and proceed to decide the cause on its merits. But, on the other hand, this being a court of errors, the power to correct our own is self-evidently an integral part and parcel of the power to correct the errors of other courts, and the duty to correct them in the same case at the first opportunity is always present where a ruling is sharply wrong and unsettles correct practice, or the law. [Star Bottling Co. v. Exposition Co., 240 Mo. l. c. 643-4.] Especially is this so on so vital a question as jurisdiction—a question always obtruding itself, *sua sponte,* in any case in any court at any time above or below.

That our ruling on the motion to retransfer was improvidently made will appear from the following premises: In the case at bar neither plaintiff nor defendant claim to own the fund in their own right. *Contra,* both plaintiff and defendant concede it belongs to and constitutes practically the *corpus* of the estate of their unfortunate ward. Both of them, therefore, are but trustees. She is the beneficiary and the dispute is not over *her* right to the fund, but it is over their respective rights to the custody of it while it is being used under the supervision of the probate court for its true beneficial owner. So, plaintiff does not ask a money judgment against defendant to be enforced by *fi. fa.* He invokes merely the power of a chancellor to do the following thing, to-wit, to coerce a final settlement in the proper probate court of the ancillary guardianship with the ultimate view and pur-

pose of an order of transfer of what then remains of
the fund from the ancillary guardian to the domicil-
iary guardian at the place of residence of the ward in
order to throw off the burden of expense, waste and
inconvenience of two administrations. Hence the real
justiciable dispute is over the power of a court of equity
to make that order either by virtue of its superintend-
ing control over the probate court, or under a recog-
nized and ancient head of chancery jurisdiction over
the estates of insane persons. Necessarily involved,
though incidental to the main question thus outlined, is
the value of the right in defendant to the custody of
the fund, and this in turn springs from the prerequi-
sites, emoluments and fees of his trusteeship falling to
him in administering the estate. These, moreover,
fluctuate with the amount of the trust fund, with the
duration of the trust, etc. Now, in the Gartside case,
supra, the trust estate ran up into the hundreds of
thousands of dollars and the trusteeship was for life.
Judge ROMBAUER, speaking in that case, laid the foun-
dation for his judgment on the postulate that where
jurisdiction hinges on the value of the matter in dis-
pute such value must be estimated in money; on the
further postulate that jurisdiction does not turn en-
tirely on whether the immediate object of the suit was
for the recovery of a sum of money, but is to be got at
on a survey of the whole record—for instance: In a
suit to establish the right to an office the aggregate
of the salary for the unexpired term claimed by the
adverse party is the money value of the matter in dis-
pute and is determinative of jurisdiction. So, in an in-
junction suit, the money value to plaintiff of the ob-
ject sought to be gained by the bill is the money value
of the matter in dispute and determinative of jurisdic-
tion. It was on such postulates, and not otherwise, the
Gartside case was resolved on the question of jurisdic-
tion as appears from an excerpt which is the sum of the
matter, thus:

"In the case at bar the record fails to show what value, if any, attaches to the defendant's position as trustee, but it does appear that the duration of that office, if it may be so called, is for life, and invests him, as far as these plaintiffs are concerned, with the partial control of property of the value of two hundred thousand dollars or more, of which he is to be deprived by this proceeding, and we are not prepared to say, unconditionally, that this is a case where the amount in dispute does not exceed twenty-five hundred dollars." [42 Mo. App. l. c. 515.]

In Gast Bank Note & L. Co. v. Fennimore Assn., 147 Mo. 557, an injunction suit in which there was no allegation in the bill to determine the value in money of relief to plaintiff, it was ruled we had no jurisdiction. This ruling was put in part on a pronouncement made by the Court of Appeals in Brick Co. v. St. Louis Smelting & Ref. Co., 48 Mo. App. 635, reading:

"When the object of the suit is not to obtain a money judgment, but other relief [in this case an injunction], the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or *vice versa*, should the relief be denied. If either is necessarily in excess of the sum within the appellate jurisdiction of this court, then the Supreme Court has exclusive cognizance of the appeal."

To like effect is Clothing Co. v. Watson, 168 Mo. l. c. 143; and in a very late *quo warranto* case, State ex rel. Union Elec. Light & Power Co. v. Reynolds et al., Judges, 256 Mo. 710, the learning on the point was reviewed *in extenso* by our Brother GRAVES in Banc. In that case we drew to ourselves jurisdiction because the value of the right necessarily involved, estimated in money, self-evidently gave us jurisdiction. We will not swell this opinion by quoting from so late a case. The student with a prying mind may consult it with profit. We dismiss it with the observation that the

precedents there marshaled and the reasoning employed point unerringly to the conclusion that we are without jurisdiction in this case, on the question in hand, unless we are prepared to say the money value of the right of the Missouri guardian to hold the *corpus* of a $10,000 estate in his hands and administer it (thereby enjoying the appurtenant and expectant fees, perquisites and emoluments of the trusteeship), is over $7500.    There is a case, not in our reports, in which no opinion was rendered because it rode off on a motion to retransfer, to-wit, Horton et al. v. Troll, Public Administrator, in Charge of the Estate of Dunham. In that case, although the *corpus* of the estate itself gave us jurisdiction if we took that particular amount as decisive, we retransferred it to the St. Louis Court of Appeals because the money value to the administrator of the right to administer was within its jurisdiction.

Turning, now, to the present record, the money value of the right to administer Mrs. Wilson's estate, which is the only thing Troll stands to lose or win, hence is the ''amount in dispute,'' in a jurisdictional sense, certainly cannot equal $7500; unless, more's the pity (to borrow the wry conceit of a barrister in another case at our bar) we take the letters of guardianship as in the nature of a warranty deed to the whole or the lion's share of the estate of the ward—a thing we are not willing to do, nor is it asked at our hands.

This court has neither a disposition to yearn after jurisdiction and give teeth to such yearning by reaching out and grasping it on unsubstantial grounds, nor does it shirk a jurisdiction rightfully belonging here. As final arbiter it takes and gives ungrudgingly as the facts warrant and the law directs; and in this case we are of opinion we have no jurisdiction unless other questions besides the amount in dispute give it to us. We have searched the record with an eye to that fact

and find no question the Court of Appeals cannot jurisdictionally deal with.

The premises all in mind, the cause is retransferred to the St. Louis Court of Appeals. It is so ordered. All concur.