GEORGE WALKER, Doing Business as WALKER STAVE COMPANY, Appellant, v. OZARK COOP-ERAGE & LUMBER COMPANY OF NEW JERSEY.

Division Two, June 3, 1919.

1. **APPELLATE JURISDICTION: Amount in Dispute.** The Supreme Court does not have jurisdiction of an appeal from a judgment rendered on demurrer to plaintiff's petition in a suit in equity whereby he sought to have satisfied, out of the property of defendant corporation, a judgment for $1646.01 rendered in his favor against defendant's corporate predecessor, and to have a receiver appointed for both corporations, since the real amount in dispute is said

judgment debt, plus interest, and the monetary value, under the receivership, of the corporation's property, until such time as the debt can be satisfied, and nothing appears from which it can be inferred that such possession involves an amount in excess of $7500.

2. ——: ——: **Prayer of Petition: Irrelevant Allegations: Prayer for Receivership.** Jurisdiction is not to be determined from the prayer of the petition, nor from allegations which are not material to the main cause of action. If the purpose of the suit is to have satisfied, out of property held by defendant corporation, a judgment for $1646.01 rendered against defendant's corporate predecessor, the fact that the petition also demands that a receiver be appointed for both corporations does not determine appellate jurisdiction, for in no event can plaintiff recover more than the judgment debt and costs, and the only loss defendant can possibly sustain is an amount sufficient to pay the debt and costs, plus the financial value of the temporary loss of the control of its corporate assets pending a possible receivership in aid of the main suit, and no definite estimate of the value of that loss can be inferred where judgment is rendered for it on its demurrer to the petition.

Appeal from St. Louis City Circuit Court.—*Hon Chas. Claflin Allen*, Judge.

Transferred to St. Louis Court of Appeals.

*John A. Harrison, Henry B. Davis* and *Erd & Massey* for appellant.

*Wells H. Blodgett, George B. Webster, Henry W. Blodgett* and *Walter N. Fisher* for respondent.

WILLIAMS, P. J.—This is a suit in equity by which plaintiff seeks to have satisfied, out of the property held by the defendant corporation, a judgment for $1646.01 rendered in his favor in the Federal court against the predecessor of the defendant corporation.

The trial court sustained a demurrer to the plaintiff's petition and an appeal was taken by him to the St. Louis Court of Appeals. That court having doubt as to its jurisdiction of the appeal certified the case here. After the case reached this court the respondent filed a motion here to remand the cause to the St. Louis Court

of Appeals. This motion was ordered to be taken with the case and should be now determined before proceeding further.

The facts bearing upon the question of jurisdiction are stated in the opinion of the Court of Appeals, from which we quote as follows:

"The petition *inter alia* alleges that plaintiff obtained a judgment in the United States Circuit Court for the Eastern Division of the Eastern Judicial District of Missouri in the sum of $1646.01, against the Ozark Cooperage Company, a Missouri corporation. The petition does not disclose the date of the rendition of such judgment, though it is averred that the suit in which the same was rendered was instituted on February 23, 1905. The defendant therein, referred to in the petition as 'Ozark Cooperage Company Number One,' transferred its assets to the Ozark Cooperage Company of St. Louis, Missouri, referred to in the petition as 'Ozark Cooperage Company Number Two,' likewise a Missouri corporation. And it is alleged that there was a 'pretended dissolution' of the original corporation. It is averred that the latter was 'at the time of said pretended dissolution a large and properous corporation having assets of more than fifty thousand dollars over and above its liabilities.' Further allegations are made with which we are not now concerned, and it is then alleged that later 'Ozark Cooperage Company Number Two' transferred all of the assets obtained by it from 'Ozark Cooperage Company Number One' to 'Ozark Cooperage & Lumber Company of New Jersey,' a New Jersey corporation, which had been licensed to transact business in the State of Missouri.

"It appears that all of the said corporations were originally named as defendants, as well as certain individuals alleged to have been officers and directors of the three companies, but that the suit was dismissed as to all defendants except the Ozark Cooperage & Lumber Company of New Jersey, respondent herein.

"The petition charges that the transfers of the assets aforesaid were without consideration and were fraudulently made by the officers and directors of said corporations for the purpose of hindering, delaying and defrauding the plaintiff. And it is alleged that the assets of the two Missouri corporations have been fraudulently 'intermingled and commingled' so that the same 'cannot be disentangled, separated, reached or set apart by the ordinary process of law,' but that the sum of $7,000 was on deposit in the National Bank of Commerce of St. Louis to the credit of the Ozark Cooperage & Lumber Company of New Jersey at the time of the filing of the petition. The prayer of the petition is as follows:

" 'Wherefore, plaintiff prays that this court will order, decree and appoint one receiver for said Ozark Cooperage Companies, Number One and Two, respectively, and said Ozark Cooperage & Lumber Company of the State of New Jersey, to impound all the assets of said companies and to disentangle all the assets of all of said companies and take charge of the affairs of said three corporations, and apply, out of the assets of said Ozark Cooperage Company Number One, now intermingled as aforesaid, so much thereof as will pay plaintiff's said judgment, with interest and costs; and that the defendant herein, the said Ozark Cooperage & Lumber Company of New Jersey, be restrained and enjoined from drawing any check or checks upon the fund aforesaid, now on deposit in said National Bank of Commerce, in St. Louis, and that said bank be restrained and enjoined from paying out any moneys on said checks; and that the affairs of the said Ozark Cooperage & Lumber Company of New Jersey, said above described fraudulent corporation, be wound up, and that it, and its officers and servants, be forever restrained and enjoined from further doing business in the State of Missouri. And that the affairs of said Ozark Cooperage Company Number One, and of said Ozark Cooperage Company of St. Louis, Missouri, being Company Num-

ber Two, be finally wound up by this court, and that plaintiff recover his claims out of said assets, and for such other and further and general relief, whether of the same or of a different nature, as to the court may seem meet and proper.' ''

We are of the opinion that this court has no juris-diction over this appeal. The real amount in contro-versy is the $1646.01 judgment debt, plus an unknown amount of interest and the monetary value of the possession, under a receivership, of the corporation's property, until such time as the above judgment debt can be satisfied therefrom.

*Jurisdiction.*

''It is settled that, where the right of appeal de-pends on the value of the matter in dispute, such value must be estimated in money. When the object of the suit, however, is not to obtain a money judgment, but other relief, the amount involved must be determined by the value in money of the relief to the plaintiff, or the loss to the defendant should the relief be granted, or *vice versa,* should the relief be denied.'' [State ex rel. E. L. & P. Co. v. Reynolds, 256 Mo. 710, l. c. 719.]

In the recent case of Bates v. Werries, 196 S. W. 1124, the question of the ''amount involved'' where a temporary receivership was ordered pending the liti-gation, was discussed and it was there held by Court in Banc as follows, l. c. 1126:

''Where the judgment affects merely the temporary control of property as contra-distinguished from the per-manent divestiture of title thereto, the amount in dis-pute should be the financial value of such control, or loss of control, as the case may be, and not the value of the property controlled.''

Under the allegations of the petition in the case at bar the plaintiff could in no event recover more than enough to satisfy his debt and the costs of suit. And the only loss which defendant could possibly sustain under the pleadings would be an amount sufficient to pay the debt and costs of suit plus the financial value of the temporary loss of the control of its corporate assets

pending any receivership which might be ordered in aid of the main suit.

It does not appear nor can it be inferred from this record that the amount thus involved would exceed $7,500 and therefore confer jurisdiction here.

The fact that the prayer of the petition may contain some extravagant requests or demands (in no manner based upon the allegations of the petition), as for instance, that the affairs of the corporation be "wound up" and the corporation enjoined from further doing business in the State, does not mean that such portions of the prayer should be considered in determining a jurisdictional question.

In the case of Wilson v. Drainage & Levee District, 237 Mo. 39, l. c. 40, Court in Banc, in discussing the rule for determining the amount in dispute when a demurrer is sustained to a petition, said: "To determine the amount we must, therefore, go to the petition itself. *We are not bound by the prayer of the petition,* but must take the whole instrument and determine what sum is involved." (Italics ours). And more especially should the above rule be applied where, as here, we are dealing with a portion of the prayer which is not germane to the subject-matter of the petition, but one wholly foreign to the purposes for which the suit was (as shown by the allegations of the petition) attempted to be instituted.

It follows that the cause should be transferred to the St. Louis Court of Appeals.

It is so ordered. All concur.