GERMO MANUFACTURING COMPANY, Appellant, v. ROBERT C. COMBS et al.

Division Two, April 7, 1921.

**APPELLATE JURISDICTION: Amount in Dispute: Demand.** In a suit in equity to restrain defendants from transgressing upon plaintiff's property rights, in which it is alleged that defendants have "damaged the plaintiff in a sum in excess of $10,000" and praying that the court "award the plaintiff such damages as it has sustained in the sum of $7,500," the plaintiff's appeal, upon a finding in the trial court for defendants, is to the Court of Appeals. Plaintiff, under the prayer, could in no case recover in excess of $7,500, and that is the amount in dispute upon its appeal.

Appeal from Jackson Circuit Court.—*Hon. Willard P. Hall,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

287 Mo.—18

*Bruce Barnett, G. W. Barnett* and *J. H. Rodes* for appellant; *Henry Lamm* of counsel.

*Ingraham, Guthrie & Durham* for respondents.

WALKER, J.—This is a suit in equity to enjoin defendants from using an alleged secret formula used by plaintiff in the compounding of a poultry remedy. The trial judge, after a review of all of the testimony, found in favor of the defendants. Plaintiff appealed to the Kansas City Court of Appeals, which, on its own motion, transferred the case to this court on the ground that the amount in dispute exceeded the jurisdiction of that court. That question confronts us at the threshold of the case.

After numerous specific allegations of unfair competition, the petition states:

"That the defendants have wrongfully taken from the plaintiff and appropriated to their own use many customers and prospective customers of plaintiff, and the profit on a large business that it has built up, and has materially damaged the plaintiff in a sum in excess of $10,000; that defendants are now engaged in said unlawful competition, and propose to continue the same to the further great loss and damage to this plaintiff.

"Plaintiff says that on account of the continuing nature of defendants' wrongful acts and the inability of the plaintiff to determine fully the amount or extent of its damages, and the fact that it is a constantly continuing and recurring injury, which renders it impossible to definitely estimate the extent and nature of plaintiff's injury and damage, and because plaintiff has no adequate remedy at law, it appeals to the equitable interposition of this court for injunctive relief. That if defendants are not restrained and enjoined from their unlawful competition, plaintiff will continue to suffer and sustain great and irreparable loss and injury from which no adequate remedy is given at law."

After other general allegations of injury, not pertinent here, the petition closes with the following prayer:

"That the court, upon restraining and enjoining defendants, may take an account as to the extent of plaintiff's damages, and award the plaintiff such damages that it has sustained, by reason of such unfair competition, in the sum of seven thousand five hundred dollars; and that the plaintiff may have and recover from the defendants the costs in its behalf laid out and expended."

General averments as to the extent of plaintiff's damages as disclosed in the foregoing excerpts from the petition are only rendered definitive by the prayer, which fixes the maximum amount claimed at $7,500. Under no circumstances could the plaintiff recover a greater amount. Cases, therefore, are not applicable which hold that in ascertaining the appellate jurisdiction of the Supreme Court we are not restricted to the amount claimed in the petition, but may look into the entire record and from that determine the amount in dispute or the monetary value of the right claimed to have been lost. Cases illustrative of the application of that rule are numerous. It is significant, in distinguishing them from the case at bar, that in none of them was it attempted in looking into the record to ascertain if the plaintiff was entitled to a larger amount of damages than claimed in his petition, but to ascertain if there were substantial grounds upon which a right of recovery of the claim as made could be based. To illustrate: In Ferguson v. Comfort, 264 Mo. 274, property of the value of $6,000 and damages in the sum of $5,000 were claimed. The record disclosed an abandonment of the claim of $5000 and hence it was held that there was no jurisdiction in the Supreme Court. In State ex rel. Electric L. & P. Co. v. Reynolds, 256 Mo. 710, the amount in dispute upon which the jurisdiction depended was not definitely stated in the petition, but the proceeding being one to oust a corporation of its franchise which had a capital stock of an amount and a going business of a value far

in excess of the maximum limit of the jurisdiction of the Court of Appeals, it was held that the case should be determined in the Supreme Court. In Wilson v. Drainage District, 237 Mo. 39, the amount claimed in the prayer of the petition, with interest, was found, upon an inspection of the record, to be less than the maximum amount of the pecuniary jurisdiction of the Court of Appeals and the case was transferred to that court for final determination. In McCoy v. Randall, 222 Mo. 24, special tax-bills belonging to the same person were sought by plaintiff to be declared void by injunction. An inspection of the record disclosed that their aggregate amount exceeded the sum of $4,500, the then maximum jurisdictional limit of the Court of Appeals' right of review. In Vanderberg v. Gas Co., 199 Mo. 455, the plaintiff laid her claim at $5,000 actual and $5,000 punitive damages. Looking into the record, the court found that "there was not a shadow of evidence for the claim of punitive damages." This left only the claim of $5,000 for actual damages, and as a consequence the case was transferred to the Court of Appeals. Numerous earlier rulings of this court are cited in this case, page 460. In Clothing Co. v. Watson, 168 Mo. 143, a proceeding for an injunction, plaintiff alleged that if the defendants be not restrained plaintiff would be damaged in excess of $10,000. This was held sufficient to show jurisdiction in this court. "The test," said the court, "is the value in money of the relief afforded plaintiff should the relief prayed for be granted, or, *vice versa*, should the relief be denied." [Citing Fire Brick Co. v. St. Louis Smelting Co., 48 Mo. App. 634; Gast Co. v. Assn., 147 Mo. 557.] The differentiation of these cases from those in which the plaintiff has made an unequivocal demand for damages in a certain sum but conforms to the statute (Sec. 1699, R. S. 1919) which provides that "in all actions not founded on contract the damages claimed in the petition shall determine the jurisdiction of the court."

This statute has received our approval in Kane v. Kane's Admr., 146 Mo. 605, in which we held that the

amount claimed in the petition is the amount involved where the judgment, as at bar, was for the defendant; and in Hennessey v. Bavarian Br. Co., 145 Mo. l. c. 116, in which we held, citing with approval Vineyard v. Lynch, 86 Mo. 684, that the only safe rule is to regard the amount claimed in the petition as the amount in dispute until the claim has been reduced to a judgment.

The application of a test other than that which makes the definite amount claimed by the plaintiff the measure of jurisdiction would create the anomalous condition of conferring upon the appellate court the right of review but limit its judgment, as it would, of necessity, have to be limited, in recognition of the regularity of the proceedings and to preserve the integrity of the judgment, to the amount claimed by the plaintiff. [Smith v. Royse, 165 Mo. 654; State ex rel. Snyder v. Davidson, 87 Mo. 683; Moore v. Dixon, 50 Mo. 424; Moore v. Railroad, 117 Mo. App. 384; Payne v. King, 141 Mo. App. 246.] In short, the plaintiff who designates, as at bar, a certain sum as comprehending the whole amount of his damages cannot recover anything in excess thereof. It is elementary that the sum thus designated constitutes the amount in dispute and to disregard it in the rendition of the judgment would not answer the purpose of the proceeding or settle the matter at issue. Certainly the fact cannot be gainsaid that the petition is as much a part of the record as the judgment, and if the judgment be not authorized by the allegations of the petition is it erroneous. [St. Louis v. Wright Const. Co., 210 Mo. 499.]

Plaintiff's general allegations as in excess of $10,-000 and its inability to definitely estimate same, may, in the absence of a prayer for general relief be interpreted as reasons in support of its plea for equitable intervention. Especially is this true where a specific sum is subsequently claimed as the total of plaintiff's demand. Such total being within the monetary jurisdiction of the Court of Appeals, and no other jurisdictional question being present, the case should be transferred to that court for final determination. It is so ordered. All concur.