GAST BANK NOTE & LITHOGRAPH COMPANY, Appellant, v. FENNIMORE ASSOCIATION et al.

### Division Two, February 7, 1899.

1. **Injunction**: APPELLATE JURISDICTION: AMOUNT INVOLVED: STRIKES. Where the petition in an injunction suit does not allege any damage to plaintiff's property or business by reason of the wrongdoing of defendants, but simply asks for an injunction to prevent them from interfering with his other employees, the Supreme Court has no jurisdiction of an appeal from a judgment dissolving the injunction and dismissing the bill.

2. ———: VALUE OF PROPERTY INJURED. In such cases it is not the value of the property which may be injured by defendants which fixes the jurisdiction of the appellate court, but the probable damages thereto if the threatened wrong be not restrained, or the damages resulting to the defendants if the restraining order be improvidently issued. If there is no allegation in the pleadings as to either, the Supreme Court will not assume that the amount of such damages exceeds $2,500.

*Appeal from St. Louis City Circuit Court.*—HON. JOHN M. WOOD, Judge.

TRANSFERRED TO ST. LOUIS COURT OF APPEALS.

FISSE & KORTJOHN for appellant.

MINOR MERIWETHER and H. A. LOEVY for respondents.

BURGESS, J.—This is an injunctive proceeding against certain employees of the plaintiff and other persons who are alleged to have been carrying on a strike to restrain them from interfering with the plaintiff's other workmen or otherwise disturbing its business affairs.

A preliminary injunction was granted upon the filing of the petition, and summons issued against all of the defendants, returnable to the October term, 1895, of the circuit court of the city of St. Louis by one of whose judges the preliminary writ was issued.

Before the return day of the writs some of the defendants filed answers in the cause, and motions to dissolve the injunction. There was also filed before the return day, and before all of the defendants answered, appeared or had been served with process, a motion to dissolve the injunction. This motion to dissolve appears to have been filed on behalf of all of the defendants.

Before the return day, and before a number of the defendants had answered, the motion to dissolve was, over plaintiff's objection, taken up and sustained as to the defend-

ants who had answered and as to them the petition dismissed. Plaintiff then filed a motion for new trial.

After the return day certain of the defendants, who had not theretofore answered, answered and also filed a motion to dissolve.

The cause was thereafter called for trial and plaintiff objected to proceeding with the case, because the motion for new trial theretofore filed by it was yet pending and undisposed of, but the objection was overruled, and plaintiff declining to proceed with the case, judgment was entered sustaining the second motion to dissolve, and dismissing the bill as to those defendants.

Plaintiff then filed another motion for a new trial, which was overruled, and plaintiff appealed.

The first question presented by this appeal is with respect to the jurisdiction of this court. There is nothing in. the record which confers jurisdiction in the Supreme Court unless it be the allegation in the petition that plaintiff's property is of the value of $225,000. The petition does not' allege any damage to plaintiff's property or business by reason of the wrongdoing of defendants, but simply asks for an injunction to prevent them from interfering with its employees, etc.

In Evans & Howard Fire Brick Co. v. St. L. Smelting & Ref. Co., 48 Mo. App. 643, it was said: "When the object of a suit is not to obtain a money judgment, but other relief" [in this case an injunction], "the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or *vice versa,* should the relief be denied. If either is necessarily in excess of $2,500, the Supreme Court has appellate jurisdiction in the cause." There being no allegation in the petition in the case at bar, by which may be determined the value in money of the relief to plaintiff, and of the loss to defendants, should the injunction be made

perpetual, or *vice versa,* should the relief be denied the case falls within the rule announced in that case.

Kitchell v. Manchester Road Electric Railway Company, 146 Mo. 455, was an injunction proceeding by the owner of a lot fronting on the south line of Manchester avenue between Talmage avenue and the junction of Chouteau avenue and Manchester road, St. Louis, to enjoin the defendant from constructing, operating and maintaining its street railway upon and along certain streets and highways mentioned in the petition. It was alleged in the petition that the laying of the tracks had already been a serious damage to plaintiff's property, and that their maintenance in the future would cause great and further damage, the full extent of which the plaintiff could not estimate. It was said: "There is nothing before us to show that the building of this street railway will damage plaintiff's lot in excess of twenty-five hundred dollars, or that the injury to him in consequence of the construction of said road will, on any account, exceed that sum; nor indeed, does the value of the lot anywhere appear." It was ruled that the Supreme Court did not have jurisdiction.

In cases of this character it is not the value of the property which fixes the jurisdiction of the appellate courts, but the probable damages thereto if the pending or threatened wrong be not restrained, or the damages resulting to defendants if the restraining order be improvidently issued, and as there is no allegation in the pleading in respect to either, our conclusion is that this court is without jurisdiction of the appeal.

We therefore think the case should be certified to the St. Louis Court of Appeals. It is so ordered.

GANTT, P. J., and SHERWOOD, J., concur.