BERRY FOUNDRY & MANUFACTURING COM-
PANY v. INTERNATIONAL MOULDERS'
UNION OF NORTH AMERICA et al., Appel-
lants.

Division One, June 28, 1913.

**APPELLATE JURISDICTION: Injunction: Judgment for $2000.**
Where plaintiff sued in injunction and alleged its damages
to be ten thousand dollars, and upon a trial upon the merits
recovered judgment for two thousand dollars, and defendants
alone appeal, the Supreme Court does not have appellate juris-
diction. The value of the injunctive relief prayed cannot be
considered for the purpose of ascertaining the amount in dis-
pute; that was determined by the judgment for two thousand
dollars for plaintiff, from which it did not, and defendants did,
appeal.

Appeal from Buchanan Circuit Court.—*Hon. Lucien
J. Eastin,* Judge.

TRANSFERRED TO KANSAS CITY COURT OF APPEALS.

*Mytton & Parkinson* for appellants.

*Brown & Dolman* for respondent.

STATEMENT BY THE COURT.

The plaintiff corporation conducts a foundry and
manufacturing business. It sues the defendant labor
unions, and the members thereof who are alleged to
have quit the service of the plaintiff and to be engaged
in a conspiracy to injure the plaintiff and prevent the
conduct of its business by assaulting its servants and
destroying its property. Plaintiff alleges that it is
damaged to the sum of $10,000, and prays judgment
for said sum and an injunction restraining defendants
from further interference with its business, its prop-
erty, or its employees.

The defendants entered their appearance and filed answers denying all charges contained in plaintiff's petition and moved to dissolve the temporary injunction granted thereon. On the consideration of this motion, by agreement of parties, the case was tried on its merits and resulted in a judgment in plaintiff's favor for $2000 and a permanent injunction against the defendants. From this decree defendants duly appealed. On the argument of the case in this court the question of its jurisdiction arose and respondent took leave and filed a brief on that point.

## OPINION.

### I.

BOND, J. (After stating the facts as above).—The jurisdiction of this appeal is pivoted on the amount in dispute. Under the present statute, when **Appellate Jurisdiction.** that does not "exceed $7500 exclusive of costs" the appeal must be taken to the proper Court of Appeals. [R. S. 1909, sec. 3937.] This is conceded by the learned counsel for the respondent who insists that the value of the injunctive relief must be considered; that when this is added to the amount of the judgment the aggregate sum exceeds the amount fixed by the statute as the measure of the jurisdiction of the Kansas City Court of Appeals, to which, otherwise, this appeal should have been taken.

There is nothing in this record which affords any legal basis for estimating the value of the injunction, as distinct from the amount of damages awarded on the trial, for plaintiff's petition does not set any value on the injunction sought, other than the allegation therein that it has been damaged in the sum of $10,000 and was still being injured.

The court, however, found that the plaintiff was only damaged to the amount of $2000 and the plaintiff accepted that ascertainment of its loss and took no appeal from the judgment to that effect. Had the plaintiff appealed, then the amount in dispute would have been the difference between the sum claimed in the petition and the finding of the court, or in this case $8000. [Schwyhart v. Barrett, 223 Mo. l. c. 501; Dowd v. Brake Co., 132 Mo. l. c. 581; Holker v. Hennessey, 141 Mo. l. c. 535; Mathews v. Railroad, 231 Mo. l. c. 625.]

But the rule is, where, as in this case, the *defendants* only appealed, that the amount in dispute cannot exceed the sum of the judgment from which the appeal is taken. [Smith v. Sedalia, 228 Mo. l. c. 506; Bridge Co. v. Transit Co., 205 Mo. l. c. 181; Hensler v. Stix, 185 Mo. 238; McGregor v. Pollard, 130 Mo. 332.]

The case of Gast Bank Note & Lithograph Co. v. Fennimore Assn., 147 Mo. 557, cited in the respondent's brief, is quite opposed to the theory that the appeal in this case could come to this court. There the action, like the present, was to enjoin alleged strikers; the petition stated the value of the property of the plaintiff to be $225,000; it did not allege the amount of the damages thereto but prayed a permanent injunction. On the trial a temporary injunction was dissolved and the suit dismissed. Plaintiff appealed. This court transferred the cause to the St. Louis Court of Appeals on the ground that the record failed to show that the amount in dispute exceeded $2500, which was at that time the moneyed standard of the jurisdiction of the St. Louis Court of Appeals. In the case at bar the plaintiff did *not* appeal and the allegation of damages in its petition was merged in judgment in its favor by the finding of the court at a less sum than the present pecuniary limit of jurisdiction of the Kansas City Court of Appeals. The *only* claim made for damages in plaintiff's petition having been thus

fixed by the court to plaintiff's satisfaction, we are not permitted to go behind that in order to find an unalleged damage or loss of a sufficient amount to give us jurisdiction of the present appeal.

The learned counsel for respondent cites some cases from the Federal Reporter which we do not find to be in point or helpful in the construction of our statute. In Schwyhart v. Barrett, supra, l. c. 503, this court (VALLIANT, J.) said: "When we are construing a statute of our own State relating to the jurisdiction of our State courts it is not always safe to follow a decision of a Federal court construing an act of Congress relating to the jurisdiction of Federal courts, because those courts exercise a peculiar jurisdiction and the acts of Congress concerning the subject are to be viewed from that peculiar standpoint." The learned judge then cited and reviewed certain decisions of the Supreme Court of the United States which sustained the views of this court as expressed in the decisions heretofore cited.

Our conclusion is, that the judgment for $2000 from which the defendant appealed, is the only legal basis, under the pleadings and record in this case, for ascertaining the amount in dispute, and that the appeal taken in this case should be transferred to the Kansas City Court of Appeals. It is so ordered. *Woodson, P. J., Lamm* and *Graves, JJ.,* concur.