VERNON B. WARD ET AL., Appellants, v. CONSOLIDATED SCHOOL DISTRICT No. 146 OF NODAWAY COUNTY ET AL.—7 S. W. (2d) 689.

Court en Banc, June 21, 1928.

*A. M. Tibbels, A. F. Harvey* and *Shinabarger, Blagg & Sigler* for appellants.

*Cook & Cummins* and *Randall Wilson* for respondents.

BLAIR, J.—This is an action whereby respondents sought to enjoin the holding of a special election in defendant school district of Nodaway County to vote upon a proposition to issue bonds for $75,000 for the purpose of erecting a school building in said district. The trial court found the issues for defendant and denied the injunction prayed for by the plaintiffs. Thereupon plaintiffs were granted an appeal to this court.

In substance the petition alleged that the holding of such election was unauthorized because the reasons actuating the officers of the school district, in attempting to change the boundary lines between such school districts and the adjoining school district, constituted a legal fraud upon the residents of said district and because the procedural steps taken to effect such change of boundary were not legally sufficient to effectuate such purpose and the change in boundary lines was not in fact thereby accomplished. It is also alleged that the notices of the bond election were insufficient, etc. The petition in the record is very lengthy and involved and we see no necessity for setting out even the substance of its numerous allegations.

The answer included a general denial and contained also allegations of the facts relied upon by the defendants as compliance with the statutes defining the procedure in such cases. The reply was a general denial of the matters set forth in the answer.

At the argument of the case in this court, we intimated some doubt of our appellate jurisdiction. Subsequent examination of the record has convinced us that we do not have jurisdiction of the appeal. The parties have not challenged our appellate jurisdiction, but the fact of such jurisdiction is the first question for our determination in all cases of this sort. Without such appellate jurisdiction, we have no right to express any opinion upon the merits of the case.

The only possible ground upon which it might be urged that we have jurisdiction is that the amount in dispute in the case exceeds $7500. At the argument in this court, counsel suggested that the face value of the bonds constituted the amount in dispute. Such is not the test. No bonds have been voted. At most there is involved only the right of the district to hold an election to vote upon the

proposition of whether or not the issuance of $75,000 face value of bonds shall be authorized. Such authority might be granted. It might be withheld, for the fact is disclosed by the record that five similar elections have been held and the proposition defeated each time.

We have many times announced the proper rule for testing our appellate jurisdiction, when such jurisdiction depends solely upon the amount involved and the suit is not for a money judgment. In Evens & Howard Fire Brick Co. v. St. Louis Smelting & Ref. Co., 48 Mo. App. 634, Judge ROMBAUER said:

"It is settled that, where the right of appeal depends on the value of the matter in dispute, such value must be estimated in money. When the object of the suit, however, is not to obtain a money judgment, but other relief, the amount involved must be determined by the value in money of the relief to the plaintiff, or of the loss to the defendant, should the relief be granted, or *vice versa,* should the relief be denied. If either is necessarily in excess of the sum within the appellate jurisdiction of this court, then the Supreme Court has exclusive cognizance of the appeal."

That case was an injunction suit and it was held that the St. Louis Court of Appeals did not have appellate jurisdiction because the value of the defendant's property, which was about $400,000, would practically be destroyed, if a perpetual injunction should be granted. The cost of changes in defendant's plant would have been greater than $2500, which, at that time, was the limit of the monetary jurisdiction of the Courts of Appeals. The injunction was denied. The loss to the defendant had the injunction been granted seems to have been there used as the test of the amount involved.

In another case (Kitchell v. Railway Co., 146 Mo. 455, 48 S. W. 448), where the injunction was denied, the test seems to have been the value of the right claimed by the plaintiff. WILLIAMS, J., said:

"The appeal in this case is by the *plaintiff* from the action of the court in dismissing his bill, and refusing the injunction. Jurisdiction of the appeal must be determined by the value to him of the relief sought and which was *denied* by the lower court. The value of the right claimed by the *appellant,* and, of which *he* was *deprived* by the judgment appealed from, must be the criterion by which to determine whether the appeal should be taken to this court or to the proper court of appeals. It must affirmatively appear from the record in order to authorize us to hear and determine such appeal that 'the amount in dispute exclusive of costs exceeds the sum of two thousand five hundred dollars.' This is not shown in the case at bar." (Italics in the opinion.)

The loss to the street railroad company had the injunction been granted does not appear. It would doubtless have greatly exceeded

$2500, because it would have been restrained from operating its street railroad in front of the plaintiff's premises. The amount of such loss apparently was not considered by the court in determining the question of its appellate jurisdiction.

In another injunction case (Marx Clothing Co. v. Watson, 168 Mo. 133, 67 S. W. 391), where the plaintiff failed to secure a perpetual injunction, this court retained jurisdiction because in its petition plaintiff had laid its damages at the sum of $10,000. The court said:

"The test is the value in money of the relief afforded plaintiff should the relief prayed for be granted, or *vice versa,* should the relief be denied."

Gast Bank Note & Lithograph Co. v. Fennimore Assn., 147 Mo. 557, 49 S. W. 511, was a suit for injunction to restrain strikers from interfering with the plaintiff's other workmen or otherwise disturbing its business. The trial court denied the injunction and the plaintiff appealed. The petition failed to allege any pecuniary damage to plaintiff's property or business by the alleged wrongful acts of defendant's members. The case was transferred to the St. Louis Court of Appeals. BURGESS, J., said:

"In cases of this character it is not the value of the property which fixes the jurisdiction of the appellate courts, but the probable damages thereto if the pending or threatened wrong be not restrained, or the damages resulting to defendants if the restraining order be improvidently issued, and as there is no allegation in the pleading in respect to either, our conclusion is that this court is without jurisdiction of the appeal."

The same rule has been declared in numerous other cases, including Cambest v. McComas Hydro Electric Co., 239 S. W. 477; Berry Foundry & Mfg. Co. v. Moulders' Union, 251 Mo. 448, 158 S. W. 18; Gary Realty Co. v. Kelly, 284 Mo. 418, 224 S. W. 410; Garlichs Agency Co. v. Anderson, 284 Mo. 200, 223 S. W. 641; State ex rel. E. L. & P. Co. v. Reynolds, 256 Mo. 710, 165 S. W. 801.

In the case at bar it makes no difference whether the amount in dispute be tested by the value of the relief asked by appellants, or the damage to accrue to them by its denial or by the damages to be suffered by respondents had the relief sought been granted. There is no evidence in the record to show the value of the relief sought by appellants or the damage accruing to either party by reason of a decision adverse to it.

It cannot be said that, if the injunction had been granted, respondents would have been damaged in excess of $7500. Appellants merely sought to restrain the holding of an election at which the authority of the school district to issue $75,000 in bonds would be determined. The issuance of the bonds might or might not be au-

thorized. The value of the right to hold the election does not appear in the pleadings or evidence and we are unable to understand how any monetary value could well be put upon the right to hold such an election or how the damages to the school district for loss of the right to hold the election, in the event the injunction had been granted, could well be determined.

The only possible monetary benefit or value to appellants from the granting of the injunction, determinable from the pleadings, would be the saving in taxes assessed against their property, if the authorization and issuance of said bonds could be prevented. Appellants make no attempt to plead any facts from which such monetary value could be calculated. The additional taxes imposed upon the five plaintiffs mentioned in the petition, if the injunction be denied, or the amount to be saved by them in taxes, if the injunction had been granted, would manifestly be relatively insignificant.

The Supreme Court only has such appellate jurisdiction as has been specifically conferred upon it by the Missouri Constitution. [Art. VI, sec. 12, and Sec. 5 of the 1884 Amendment to Art. VI.] In all cases, other than those specified in section 12, Article VI, jurisdiction of appeals from the circuit courts of the State resides in the several courts of appeals. [State ex rel. Rucker v. Hoffman, 313 Mo. 667, 288 S. W. 16.]

The facts showing that the amount involved in the particular case brings it within our appellate jurisdiction must appear from the pleadings, evidence and judgment contained in the record and cannot be shown by matters outside of such record; for example, by affidavits or otherwise. [Cambest v. McComas Hydro Electric Co., supra; State ex rel. v. Reynolds, supra.]

There is nothing in the record in this case from which it can be determined that the ''amount in dispute'' exceeds $7500, the present maximum monetary jurisdiction of our courts of appeals. [Sec. 2418, R. S. 1919.] This court therefore has no appellate jurisdiction of this case and it should be transferred to the Kansas City Court of Appeals.

Let an order go accordingly. *Walker, C. J., White, Ragland, Atwood* and *Gantt, JJ.,* concur.