Joseph E. Mitchell v. Fred W. Dabney, Grand Master et al., Plaintiffs in Error.—58 S. W. (2d) 731.

Division One, March 16, 1933.

*L. Amasa Knox* and *Jesse L. England* for plaintiffs in error.

*Crittenden E. Clark* for defendant in error.

STURGIS, C.— This case comes to this court under a writ of error issued by our clerk. The parties have raised no question as to the appellate jurisdiction of this court, but it is our duty to look into that proposition. The suit is by injunction to restrain the

defendant officers of and the Grand Lodge itself from doing certain acts affecting the membership of the plaintiff therein and the paying out of funds of the Masonic 'Order. The corporate defendant is designated as the Most Worshipful Grand Lodge of Ancient Free and Accepted Masons for the State of Missouri and is alleged to be a fraternal beneficiary association under the laws of this State. The individual defendants are officers of such Lodge. This appears to be the Negro Masonic Order and its membership is limited to males of the Negro race.

Plaintiff's petition alleges that he is a member in good standing of a subordinate lodge, an integral part of the Grand Lodge, and that he and all members of the subordinate lodges pay certain dues and assessments for the support of the Grand Lodge and its various benevolent activities, including a relief and burial department, from which the beneficiaries of each member in good standing, on the death of such member, are entitled to receive two hundred dollars death benefits and one hundred dollars funeral benefits. It is further alleged that under the constitution and by-laws of the Order the Grand Master is entitled to receive no salary except certain fees paid by the subordinate lodges and members for certain designated services, but that the defendant Dabney, on being elected Grand Master in August, 1926, unlawfully and contrary to the constitution of the Order, has had his salary fixed at and is being paid three hundred fifty dollars per month, and that he, with the aid and assistance of the other Grand officers, is unlawfully using the benevolent funds of the Lodge to pay such salary. It is then alleged that because of plaintiff's criticism of and opposition to the alleged illegal use of the lodge funds in this way, such criticism and opposition being voiced in a newspaper published by plaintiff, the said Grand Lodge, acting through its Grand officers, was taking steps and threatening to suspend or expel plaintiff as a member of the Masonic Order in an unlawful manner and by unlawful procedure in violation of the constitution and by-laws of the Order. As the case finally ended in a default judgment, which the trial court refused to set aside, and in view of the disposition which we must make of the case, it will not be necessary to set out at length the charges and countercharges of the pleadings. The original petition was against the individual officers of the Grand Lodge only, Fred W. Dabney, Grand Master, G. B. Key, Grand Treasurer, and George W. Lewis, Deputy Grand Master, but the amended petition, differing little, if any, from the original petition, made or at least attempted to make the Grand Lodge in its corporate capacity a defendant. The prayer for relief is in substance that the court permanently enjoin and restrain the defendants and each of them from suspending or expelling plaintiff from membership in the Order:

to prohibit Dabney from collecting or attempting to collect the said four thousand two hundred dollars per year as salary of Grand Master, and to compel the said Dabney to return all moneys so collected to the defendant Grand Lodge; and to prohibit defendants from proceeding with the hearing of any charge against plaintiff until this cause may be heard on its merits, and that a temporary restraining order issue returnable to some day set by this court.

The original petition was filed August 8, 1927, during the June Term of court, returnable to the October Term, but the court at once issued a temporary restraining order and set the matter for hearing on August 11, 1927, issuing an order to show cause on that day why an injunction should not be granted as prayed. It should be stated here that the petition alleges that defendant Dabney "is now threatening to either expel or suspend your petitioner from the Order, and that in violation of the laws of the Order has issued a summons for your petitioner to appear before him at Cape Girardeau, Missouri, on the 10th day of August, 1927, and show cause why he should not be suspended or expelled; that the summons to appear before the said defendant at Cape Girardeau, Missouri, was served on your petitioner on August 6, 1927, not in compliance with any law of the Order, but for the mere purpose of humiliating your petitioner and depriving your petitioner of his lawful rights and his standing in his lodge." The personal defendants voluntarily appeared on August 11, 1927, and filed a return to the order to show cause why the injunction should not be granted, and a hearing and trial of such issues was thereupon had by the court on August 11 and 12, 1927. By their return to the order to show cause the defendants contended, among other things, that the Grand Lodge, at its annual "communication" or meeting in Kansas City in August, 1926, at which time defendant Dabney was chosen or elected Grand Master, lawfully adopted a resolution fixing his salary at three hundred fifty dollars per month in lieu of fees as theretofore, and that he was lawfully receiving same; that the annual communication of the Grand Lodge was composed of certain present and past officers and three delegates from each of the one hundred fifty subordinate lodges of the State, was lawfully constituted, and acted lawfully in fixing the salary of the Grand Master. It was further alleged that the annual meeting or communication of the Grand Lodge was then (August 11, 1927) regularly in session at Cape Girardeau, Missouri, and that it was true that charges had been preferred against plaintiff, a notice and copy of which had been served on him in due and legal form on August 6, 1927, and same was properly for hearing at such annual communication of the Grand Lodge, where plaintiff might appear and have a fair hearing as provided by the laws of the Order. The return also stated at length the nature of the charges

preferred against plaintiff for hearing in the Grand Lodge, consisting largely of articles published by plaintiff in his newspaper highly derogatory of the action of the Grand Lodge and its officers in fixing and paying the Grand Master three hundred fifty dollars per month salary. This is but a meager outline of the return or answer which prays that the temporary restraining order be dissolved and the Grand Lodge and defendants as its officers be allowed to proceed without interference, and that the petition of the plaintiff herein be held for naught and dismissed.

Thereupon on such hearing the court on August 12, 1927 (June Term), entered the following judgment:

"Now, at this day, come again the parties hereto by their respective attorneys; thereupon the further hearing on the order to show cause why a temporary injunction should not be granted progressed before the Court and being terminated the same is submitted to the Court upon the plaintiff's bill, the defendants' return thereto as well as the evidence adduced in support thereof; and the Court having heard and duly considered the same and being sufficiently advised thereof doth find in favor of the defendants on the issues herein joined.

"Wherefore, it is considered, adjudged and decreed by the Court that plaintiff take nothing by his suit in this behalf, that plaintiff's prayer for a temporary injunction be and the same is hereby denied, that the temporary restraining order heretofore made and issued herein on the 8th day of August, 1927, be and the same is hereby dissolved. that the defendants be discharged, go hence without day and recover of plaintiff the costs of this suit and have therefor execution."

Thereupon at said June Term of court the defendants filed a motion to assess damages on the injunction bond which plaintiff had given on filing his petition. No action seems to have been taken on this motion at any time. The June Term adjourned.

At the next or October Term, 1927, without the court setting aside or in any way modifying the judgment final in form at least and discharging defendants without day, the plaintiff was permitted by leave of court on November 18, 1927, to file an amended petition. This amended petition, on which at a still later term judgment by default for want of any answer being filed was entered as we shall see, was practically a copy of the original petition except making the Grand Lodge a party defendant and having a summons issued for it to Jackson County. Whether a valid service was had on the Grand Lodge is one of the mooted questions. The personal defendants, though discharged by the judgment at the previous term of court, entered their appearance to the amended petition, which might be regarded as a new action, by asking and obtaining leave to plead

thereto at a later date. This amended petition, however, still contained only the allegations that defendants were threatening and about to expel plaintiff from the Order on charges set for hearing on August 10, 1927, at the annual communication of the Grand Lodge at Cape Girardeau. That time and meeting of the Grand Lodge was then long since past and it is not shown or alleged what, if any, action had been taken by the Grand Lodge on such charges against plaintiff, or who were then elected Grand officers. By the court's judgment on August 12, 1927, heretofore set out, the temporary restraining order was dissolved, the injunction denied, and defendants discharged, so that the Grand Lodge and its officers were left free to take any action they pleased so far as any injunction order was concerned. In the argument here it seems to be conceded that the Grand Lodge, in August, 1927, long before the amended petition was filed, did in fact hear the charges and expel plaintiff from the Order, and the point is made that the amended petition was being presented by one no longer a member of the Order.

The record shows that at the December Term, 1927, the personal defendants filed their separate demurrer to the amended petition on the grounds, among others, that "(3) Plaintiff seeks injunctive relief against a proceeding to be had before The Most Worshipful Grand Lodge, etc., at a meeting to be held on August 10, 1927, approximately four months prior to the filing of the amended petition herein; (4) said amended petition does not state any facts showing any authority on the part of these defendants to deny plaintiff membership in the order of Ancient Free and Accepted Masons, or to place the plaintiff on trial at any time or place before them on any charges whatsoever." This demurrer was overruled and, defendants failing to plead further though given leave to do so, judgment are entered by default on July 31, 1928, at the June Term, 1928. in favor of plaintiff, enjoining the defendants from suspending or expelling the plaintiff from the Masonic Order on account of anything theretofore done by or charged against the plaintiff in or by the proceedings "heretofore instituted, held or prosecuted;" and also enjoining defendant Dabney as Grand Master from receiving or accepting, and the other defendants from paying him, wages or compensation amounting to or at the rate of four thousand two hundred dollars per year under the action taken by the Grand Lodge in August, 1926; "and the Court doth further consider, adjudge and decree that defendant Fred W. Dabney as Grand Master of said Grand Lodge be and is hereby enjoined, directed and commanded forthwith to pay and transmit to said defendant, Most Worshipful Grand Lodge, etc., all wages, salary or compensation received by or coming to him from said Grand Lodge at the rate of four thousand two hundred dollars per year, under or by virtue of the meeting,

election or pretended election or meeting of said defendant Grand Lodge held in the year 1926.''

Recurring to the amended petition on which this default decree was granted, it alleges that defendant Dabney was elected Grand Master in August, 1926, that he had been unlawfully paid three hundred fifty dollars per month since that time, and that the said Grand Lodge was about to expel plaintiff from its Order in August, 1927. Whether plaintiff was so expelled is not shown. It is also alleged that the Grand Master is elected annually in August of each year to serve one year, and that no one is eligible to hold that office more than three terms in any eight consecutive years. There is no allegation that Dabney was reelected Grand Master at the annual meeting in August, 1927, at which time plaintiff was about to be expelled. There is no allegation that defendant drew any salary after August, 1927, or that he was in office or drawing his salary when the amended petition was filed or when the default judgment · was rendered in July, 1928. No specific money judgment is rendered against Dabney, but he is merely ordered to pay back to the Grand Lodge whatever sums he had received by way of salary. The court refused to set aside this default judgment on defendants' motion and the defendants have brought the case here by writ of error.

■ We are not to be taken as ruling on any of the issues of law or fact, but we have stated the facts and issues rather fully in order to determine our appellate jurisdiction. As we have frequently ruled, the courts of appeals have general appellate jurisdiction, and this court has only such appellate jurisdiction, and in such cases, as is specified in the Constitution; and in order to confer jurisdiction on this court the facts conferring jurisdiction must affirmatively appear from the record in the case. If the record does not affirmatively show the matter which gives this court jurisdiction, then the jurisdiction is in the Court of Appeals. [Hohlstein v. Roofing Co., 328 Mo. 899, 42 S. W. (2d) 573.]

In Ward v. Consolidated School District, 320 Mo. 385, 7 S. W. (2d) 689, an injunction case, this court ruled: ''The Supreme Court only has such appellate jurisdiction as has been specifically conferred upon it by the Missouri Constitution. Article 6, Section 12, and Section 5 of the 1884 Amendment to Article 6. In all cases other than those specified in Section 12, Article 6, jurisdiction of appeals from the circuit courts of the State resides in the several courts of appeals. [State ex rel. Rucker v. Hoffman, 313 Mo. 667, 288 S. W. 16.]''

■ And in the late case of City of Doniphan v. Cantley, 330 Mo. 639, 50 S. W. (2d) 658, we ruled: ''Speculation or conjecture as to the amount in dispute cannot be indulged in for the purpose of determining jurisdiction. [McGregory v. Gaskill, 317 Mo. 122, 124,

125, 296 S. W. 123.] It must affirmatively appear from the record in the cause. [Stuart v. Stuart, 320 Mo. 486, 488, 8 S. W. (2d) 613.] The Courts of Appeals in this State have general appellate jurisdiction, that is to say, they have jurisdiction of all appeals except those in which the jurisdiction is specifically conferred upon the Supreme Court by the Constitution. So that, if it does not affirmatively appear from the record in a given case that it falls within one of the designated classes of which this court is given jurisdiction, the appeal lies as a matter of course to the Court of Appeals of the district in which the cause was tried.''

██ The Courts of Appeals have appellate jurisdiction in injunction cases whether an injunction be granted or denied, and there is obviously nothing in this case giving this court jurisdiction of an appeal or writ of error unless it be that the amount involved exceeds seven thousand five hundred dollars, which fact must be affirmatively shown by the record. And in injunction cases it is held that it is not the value of the property which may indirectly or remotely be affected by the injunction, ''but the probable damages thereto if the pending or threatened wrong be not restrained, or the *damages resulting to defendants* if the restraining order be improvidently issued,'' which determines the amount in dispute. [Gast Bank Note Co. v. Fennimore Assn., 147 Mo. 557, 49 S. W. 511.] See, also, Ward v. Consolidated School District, supra, where plaintiffs as taxpayers sued to restrain an election to vote on issuing seventy-five thousand dollars in school bonds, and it is held that plaintiffs' appeal should go to the Court of Appeals. The court there said: ''In the case at bar it makes no difference whether the amount in dispute be tested by the value of the relief asked by appellants, or the damage to accrue to them by its denial or by the *damages to be suffered by respondents* had the relief sought been granted. There is no evidence in the record to show the value of the relief sought by appellants or the damages accruing to either party by reason of a decision adverse to it.'' The only thing having a monetary value which is affected by the injunctive order here is the paying of defendant Dabney's salary at three hundred fifty dollars per month in the future and the repayment by him to the Grand Lodge of whatever amount, not fixed or determined, which he has already received. This last order is certainly a long call on a court of equity at the instance of a lodge member. It is certainly mere speculation to estimate the pecuniary damage to defendant Grand Lodge to be required to stop paying out its funds on the one hand and to accept back money already expended on the other. Evidently the defendants Lewis and Key have no direct pecuniary interest in the controversy. As to defendant Dabney, as said in the Ward case, supra, the amount in dispute must be shown by ''the pleadings, evi-

dence and judgment contained in the record.'' The pleadings and judgment do not show that he was elected or held the office of Grand Master for more than the one year, from August, 1926, to August, 1927, or that he could or did receive his salary for a longer period or in excess of four thousand two hundred dollars. While it is asserted here *dehors* the record that Dabney was reelected for another year, we cannot assume that the evidence, if any, which is not in the record took a wider range than the pleadings. It does not, therefore, affirmatively appear that the amount in controversy exceeds seven thousand five hundred dollars, where our jurisdiction begins, and, under Section 1915, Revised Statutes 1929, the case should be and is transferred to the St. Louis Court of Appeals. It is so ordered. *Ferguson* and *Hyde, CC.*, concur.

PER CURIAM:—The foregoing opinion by STURGIS, C., is adopted as the opinion of the court. All of the judges concur, except *Hays, J.*, not voting, because not a member of the court at the time cause was submitted.