FRANK SCHMIDT PLANING MILL COMPANY, a Corporation, Appellant,
v. JULIUS MUELLER, President of the District Council of United
Brotherhood of Carpenters and Joiners of America for the City
and County of St. Louis and Vicinity et al.—147 S. W. (2d) 670.

Division One, February 14, 1941.

*Sullivan, Reeder, Finley & Gaines* for appellant.

*Grimm, Mueller & Roberts* for respondents.

DOUGLAS, J.—Appellant is engaged in the planing mill business
and manufactures and sells a general line of mill and cabinet work
for houses. It operates an open shop. The Brotherhood of Car-
penters and Joiners is endeavoring to unionize planing mill workers
and has adopted a trade rule prohibiting union men from handling
mill and cabinet work not bearing the union label. Appellant brought
this action in the Circuit Court of the City of St. Louis against re-
spondent Mueller, President of the Brotherhood's District Council,
and others to restrain a boycott of its business and products entered

into for the enforcement of the trade rule. After trial, the court below dismissed the petition and an appeal was taken to this court.

The relief sought in this proceeding is the protection of the right of appellant to the full and free pursuit and enjoyment of its business and custom. To obtain this relief appellant wants respondents enjoined from hindering, obstructing and interfering with this right.

This action seeks the same relief against the same parties which was sought in Crescent Planing Mill Co. v. Mueller et al. (Mo.), 117 S. W. (2d) 247. We transferred the appeal in that case to the St. Louis Court of Appeals on the ground the issues presented in it did not invoke the jurisdiction of this court. In this appeal we are likewise confronted with the question of our jurisdiction. If we have jurisdiction it can be only on the ground of the amount in dispute; none other of the constitutional grounds are presented. Our jurisdiction is confined to the matters specified by the Constitution in Article VI, Section 12; by the Amendment of Article VI in 1884; and by the pecuniary limit established by Section 2078, Revised Statutes 1939, Mo. Stat. Ann., sec. 1914, p. 2587. The amount in dispute must exceed $7500.

Where our jurisdiction is invoked on the basis of the amount in dispute and a money judgment is not sought, then such amount must be determined by the money value of the relief to plaintiff, or of the loss to defendant, should the relief be granted, or *vice versa,* should the relief be denied. This rule was announced in Evens & Howard Fire Brick Co. v. St. Louis Smelting & Refining Co., 48 Mo. App. 634, and was adopted by this court in Gast Bank Note & L. Co. v. Fennimore Association, 147 Mo. 557, 49 S. W. 511. The latter case was, incidentally, a like proceeding to the one at bar. The rule was also applied in other like proceedings in Berry Foundry & Mfg. Co. v. International Moulders' Union, 251 Mo. 448, 158 S. W. 18, and Marx & Haas Jeans Clothing Co. v. Watson, 168 Mo. 133, 67 S. W. 391.

There is a further requirement for jurisdiction which has long been enforced. The amount in dispute cannot be left to speculation or conjecture but must *affirmatively* appear from the record in the cause to be in excess of $7500. [Crescent Planing Mill Co. v. Mueller, supra.]

We must first determine whether the money value of the injunctive relief is properly shown by the record. The petition offers no help. In the first place no money judgment for loss or damage to appellant's business is sought. The petition states merely in general terms that appellant's business has been damaged but the extent of the damage is not expressed in terms of dollars. The evidence in the record bearing on the question of damage is found in the testimony that appellant's yearly volume of business for the past five years averaged $40,000; that fifty to seventy-five per cent of that volume was with union contractors; that the actions of respondents have

reduced the volume of business with union contractors, to five to ten per cent of the whole. That's all the evidence there is on the question involved; there isn't any more. However, appellant's counsel contends that this evidence is sufficient to endue this court with jurisdiction. He argues that the right to carry on business is property; the appellant has lost fifty per cent of its annual receipts or $20,000 because of the unlawful acts of respondents; and by this proceeding appellant "is seeking to protect and recover, at least indirectly" such part of its annual receipts. Therefore, appellant would have us conclude the value of the relief sought is $20,000 which amount, of course, would place jurisdiction in this court.

To adopt this argument we would be required to say that the money value of the right of a company to carry on its business is equal to the amount of its annual gross sales, at least. In this case the value of the right, so determined, would be $40,000, so that the value of protection from the loss of one-half of that right would be the sum of $20,000 as appellant contends. The right to pursue a lawful business while entitled to the protection of the law as a property right is an intangible thing. In determining its value, the volume of gross receipts, no doubt, is a contributing factor but it cannot be the sole factor. Also it is generally agreed, we believe, that a going business derives from that status an asset upon which a money value may be placed. But what of the situation where the amount of gross sales is below the cost of the merchandise sold and the sales return no profit? Under such a condition what is the value of the right to carry on such a business, if any? The value certainly cannot be set arbitrarily at the amount of the sales.

The record does not affirmatively show that appellant's business was carried on at a profit or that the loss of such sales caused a loss of profits. A proper consideration in arriving at the value of the relief sought would be the loss of the profits reasonably expected from these sales. Such was the holding in S. S. Kresge Co. v. Amsler, 99 Fed. (2d) 503, in considering the contention that the amount there in controversy was not sufficient to invoke the jurisdiction of the United States District Court. We recall the warning that in determining our jurisdiction "it is not always safe to follow a decision of a Federal court construing an act of Congress relating to the jurisdiction of Federal courts, because those courts exercise a peculiar jurisdiction and the acts of Congress concerning the subject are to be viewed from that peculiar standpoint." [Schwyhart v. Barrett, 223 Mo. 497, 122 S. W. 1049.] However, we shall do here as was done in that case where Federal cases were discussed and relied on in support of the decision reached there.

The Kresge case was a suit to restrain the injuring of appellant's business by picketing. Loss in the volume of sales was shown in order to establish jurisdiction. The court held that this was not the

measure of the damage caused by the picketing. On the contrary, it said that such damage would depend upon the profit which might be reasonably anticipated from the sale of the merchandise represented by the decrease in the volume of sales. It quoted with approval Zicos v. Dickmann, 98 Fed. (2d) 347, which announced the same rule as ours. The latter case was to restrain the enforcement officers from interfering with the petitioner's business of operating vending machines and the same court held that "it is the value of the right which the petitioner seeks to protect against interference which measures the amount in controversy in such a suit as this."

There being no affirmative showing in the record of the money value of the relief sought we can have no jurisdiction to decide this appeal. We must, therefore, transfer this case to the St. Louis Court of Appeals. It is so ordered. All concur.