256 S.W.2d 785 (1953)
KOCH et al.
v.
BOARD OF REGENTS OF NORTHWEST MISSOURI STATE COLLEGE et al.
No. 43137.
Supreme Court of Missouri, Division No. 1.
April 13, 1953.
*786 Gene Thompson, J. Dorr Ewing, Maryville, Alva F. Lindsay, St. Joseph, for appellants.
Marshall E. Ford, Maryville, J. V. Gaddy, St. Joseph, for respondents.
LOZIER, Commissioner.
This is an action wherein plaintiffs-appellants (herein called plaintiffs) challenge the validity of a contract entered into between defendant-respondent Board of Regents of Northwest Missouri State College (herein called the Board) and defendant-respondent Thomas Construction Company, a Missouri corporation (herein called Thomas). Plaintiffs appeal from an order sustaining defendants' motions to dismiss, and dismissing, plaintiffs' petition.
We must first determine our jurisdiction. Fanchon & Marco Enterprises v. Dysart, Mo.Sup., 189 S.W.2d 291, 293[1]. In their brief, plaintiffs state that this court has jurisdiction "because the amount of money involved in this litigation, the expenditure of which is sought to be enjoined, exceeds the sum of $7500." But our jurisdiction (insofar as based upon a money amount) depends, not upon the "amount of money involved" but upon "the amount in dispute". Section 3, Art. V, Const., 2 V.A.M.S., p. 31. And the record must affirmatively show that that amount exceeds $7500. Gillespie v. American Bus Lines, Mo.Sup., 246 S.W.2d 797, 798. And where, as in the instant case, "relief other than a money judgment is sought the fact of a value in excess of $7500 must affirmatively appear from the record and may not be surmised or conjectured." Cooper v. School District of Kansas City, Mo.Sup., 239 S.W.2d 509, 511[3-5].
The pertinent portions of the instant record, upon which we must rule this jurisdictional question, consists of plaintiffs' petition and defendants' motions to dismiss the petition for failure to state a claim upon which relief could be granted against defendants or either of them.
Plaintiffs, as individuals and as members of a construction company (a copartnership) alleged: That they were property owners and taxpayers of Buchanan County, a county in the territory comprising the college district in which Northwest Missouri State College is located; that, under sections 174.020 and 174.040 RSMo 1949, V.A.M.S., the Board manages and controls "the business affairs and expenditures of public funds belonging to" the college; that on April 28, 1951, a certain building on the college campus, "a public building constructed and maintained by the expenditure of public funds and monies from public tax money and funds provided by appropriations" from the state, was damaged by fire and explosion; that the cost of its reconstruction would exceed $10,000; that on December ___, 1951, the Board awarded a contract for such reconstruction to defendant Thomas at a contract price of $203,390; that, at the time of the award of the contract, the Board, "had on deposit and under its control public funds belonging to the taxpayers of the State of Missouri in an amount exceeding $250,000.00"; that the cost of such reconstruction "must be paid *787 from said public funds * * * all of which is a matter of public interest and concern to the people and taxpayers of the State of Missouri and to plaintiffs herein as taxpayers and as representing said public interest" and all such taxpayers; that, in awarding said contract, the Board was seeking "to expend and obligate said public funds" for $203,390.
Plaintiff's alleged that the Board had entered into the contract without having, prior thereto, solicited bids by advertising in Nodaway County (where the work was to be done, see section 8.250 RSMo 1949, V.A. M.S.), and without receiving bids after such advertising as required by law; and that plaintiffs had offered in writing to accept and perform said contract, upon exactly the same terms and specifications, at a contract price of $173,616, and to furnish adequate surety bond to guarantee performance thereof; but that the Board "arbitrarily refused to consider said offer and wrongfully colluded with and did award said contract to defendant Thomas"; that plaintiffs were experienced builders and, at the time of making their said offer, had available the machinery and trained workmen necessary to efficiently perform said contract and were ready and willing to guarantee said performance by adequate surety bond and "could have performed said contract as fully and efficiently as" Thomas.
Plaintiffs alleged that the Board's failure to advertise for bids, its arbitrary refusal to consider plaintiffs' offer and its award of the contract to Thomas "at an excessive cost of over $29,000 to the Board * * * and the taxpayers" was "wrongful, unlawful and fraudulent and contrary to the public interest and would be a wrongful and fraudulent expenditure of public money."
Plaintiffs prayed "that the court order, adjudge and decree that the awarding of said contract * * * was and is unlawful and wrongful; and that said contract be set aside and for naught held and that the Board of Regents be permanently enjoined and restrained from continuing with said contract or making any payment thereunder to defendant Thomas Construction Company and for such other and further orders and decrees as to the court may seem just and proper." Plaintiffs did not ask for a temporary restraining order or offer to furnish a bond in the event such an order was made.
Plaintiffs did not ask for a money judgment. They sought only to have the contract declared void and to restrain the Board from "continuing with said contract or making any payments thereunder to" Thomas. Under such circumstances, "the amount in dispute" is "`the money value of the relief to plaintiff, or of the loss to defendant, should the relief be granted, or vice versa, should the relief be denied.' Frank Schmidt Planing Mill Co. v. Mueller, 347 Mo. 466, 147 S.W.2d 670, 671 * * *." Fleming v. Moore Brothers Realty Co., 363 Mo. ___, 251 S.W.2d 8, 10[1]. See Cooper v. School District of Kansas City, supra, 239 S.W.2d loc.cit. 510[3-5].
Plaintiffs' petition contains no allegations whatsoever as to the amount of money which would accrue to or be saved by themeither as construction contractors or as taxpayersif the requested injunction were granted, or which plaintiffs either as construction contractors or as taxpayerswould lose if the injunction were denied. (Even assuming that plaintiffs, as disappointed alleged "lowest and best bidders," had sought to require the Board to award the contract to them at a contract price of $173,616which they did notplaintiffs allege no facts showing how much of the $173,616 was for materials, labor, supervising costs and profit.) And assumesolely for purposes of ruling the jurisdictional questionthat the $250,000 which plaintiffs allege that the Board had on hand were "public funds belonging to the taxpayers." The petition alleges no facts showing wherein, if the injunction were granted, plaintiffs would be subjected to liability for increased taxes and, if so, in what amounts.
Nor does the petition set out any facts showing that, if the injunction were granted, the Board would sustain a loss. The injunction would not have taken from the *788 Board any of its funds. It would have only restrained the Board from paying out any of those funds to Thomas. It would not have deprived the Board of any prospective funds. Contrast Aquamsi Land Co. v. City of Cape Girardeau, 346 Mo. 524, 142 S.W.2d 332, 334[1], wherein a decision adverse to the defendant city "would entail the loss of" $164,853 in federal funds; Cooper v. School District of Kansas City, supra, 239 S.W.2d loc.cit. 511 [3-5], wherein the loss of taxes to the district would have been approximately $3,000,000 had the tax increase election been held void.
And it is impossible to determine from the petition's allegations what loss, if any, Thomas would sustain if the injunction were granted. Thomas would have been restrained only from attempting to perform the contract. The petition does not tell us whether, prior to the hearing, Thomas had made expenditures or incurred obligations under the contract whereby it (Thomas) would sustain a loss if the injunction were granted. Nor are there any allegations as to how much of the $203,390 contract price represented Thomas' prospective profits.
Thus, it does not affirmatively appear from the instant record that the money value or pecuniary loss to plaintiffs or defendants, resulting from either the denial or grant of the relief plaintiffs sought, exceeds $7500.
We do not have jurisdiction under any other provision of section 3, Art. V, supra. Northwest Missouri State College is not a "political subdivision of the state". See sections 174.010(5) and 174.040 RSMo 1949, V.A.M.S. Under section 174.040, the Board is a legal entity or a quasi-public corporation with "perpetual succession, with power to sue and be sued, complain and defend in all courts". Such a legal entity or quasi public corporation is not a "state officer." Parker v. Unemployment Compensation Commission, 358 Mo. 365, 214 S.W.2d 529, 534[8, 9].
The cause is transferred to the Kansas City Court of Appeals.
VAN OSDOL and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by LOZIER, C., is adopted as the opinion of the court.
All concur.