260 S.W.2d 666 (1953)
INGLE et al.
v.
CITY OF FULTON.
No. 43409.
Supreme Court of Missouri, Division No. 1.
September 14, 1953.
Frazier Baker, City Atty., Fulton, for appellant.
John M. Cave, Fulton, for respondent.
VAN OSDOL, Commissioner.
This action was instituted by plaintiffs to enjoin defendant, City of Fulton, from enforcing city's Ordinance No. 1189. Answer having been filed by defendant city, plaintiffs moved for judgment on the pleadings. The motion was sustained, and the trial court entered a decree perpetually enjoining defendant, its officers, agents and employees "from enforcing or attempting to enforce against these plaintiffs Ordinance No. 1189 of the City of Fulton." Defendant city has appealed.
In defendant-appellant city's brief, it is said this court has appellate jurisdiction of the case on the grounds that "the construction of the Constitution of the United States and of the State of Missouri" is in *667 issue; that a "political subdivision of the State" is a party; and that the "amount in dispute" exceeds $7,500, exclusive of costs. V.A.M.S. Const. Art. V, § 3. Plaintiffs-respondents have filed no brief herein and there has been no challenge of this court's appellate jurisdiction; nevertheless, before examining the merits of the appeal, it is our duty to examine the record and to ascertain if this court has appellate jurisdiction of the cause.
May 9, 1949, plaintiff Ingle, owner of land in Callaway County part of which land is within the corporate limits of the City of Fulton, entered into a mining lease with plaintiffs Clyde and Walter Pierson. By the lease, the lessees, plaintiffs Clyde and Walter Pierson, who were obligated to pay a stated royalty to plaintiff Ingle if suitable fire clay were found, were given the right to enter upon the land and prospect for and mine the clay.
June 9, 1949, city's council enacted Ordinance No. 1189 providing that "No person, firm or corporation, either in person or by agent, shall prospect or mine any property within the limits of the City of Fulton, * *" and "No person, firm or corporation, either in person or by agent, shall permit any prospecting or mining on property owned or controlled by them within the limits of the City of Fulton." The ordinance also provided that persons violating the same should be deemed guilty of a misdemeanor.
Plaintiffs, by their petition, alleged the ordinance is invalid in that it interferes with the right of plaintiffs to the enjoyment of the gains of their own industry and is violative of V.A.M.S.Const. Art. I, § 2; deprives them of their property without due process of law in violation of V.A.M.S. Const. Art. I, § 10, and the Fourteenth Amendment to the Constitution of the United States; and impairs the obligation of a contract and is retrospective in operation in violation of V.A.M.S.Const. Art. I, § 13. Plaintiffs also alleged the ordinance is without the statutory powers of a city of the third class.
Defendant city, by answer, alleged the mining operations contemplated by plaintiffs would necessitate the use of explosives; would necessitate an extensive use of machinery; and would necessitate the making of deep excavations, leaving deep pits, dangerous in the urban area of Fulton. Defendant city further alleged that, if conducted within the corporate limits of Fulton, the mining operations as contemplated would be detrimental to the public health; would inconvenience the public; and would damage and depreciate the value of other property in the neighborhood.
As we have observed, plaintiffs undertook to allege the unconstitutionality of the ordinance, but in our examination of the transcript of the record we have found no further reference to a constitutional question, or issue of construction of the constitution, Federal or State. The trial court, in sustaining plaintiffs' motion for judgment on the pleadings and in rendering the decree of injunction, did not by its order and decree disclose any issue of constitutional construction as a basis for its ruling and judgment. Defendant city's motion to set aside the judgment and, in the alternative, to render judgment for defendant or to grant a new trial, was "on the grounds and for the reasons that the said judgment is, under the pleadings and the law, contrary to the law."
Defendant city had the negative of any constitutional question which plaintiffs had raised; and if defendant desired to urge and preserve the point that the trial court erred in ruling any constitutional issue which may have been the basis of the trial court's decree, defendant city could and should have called the trial court's attention to the point by assignment of error in the motion for a new trial. It has been written that in order to preserve a constitutional question for review the question must be raised at the first available opportunity; the sections of the constitution claimed to have been violated must be specified; the point must be presented in the motion for a new trial, if any; and it must be adequately covered in the briefs. City of St. Louis v. Butler Co., 358 Mo. 1221, 219 S.W.2d 372, and cases therein cited; State ex rel. Kirks v. Allen, Mo.Sup., 250 S.W.2d 348; Cirese v. Spitcaufsky, *668 Mo.Sup., 259 S.W.2d 836. It is our conclusion that no contention of error of the trial court in ruling any constitutional question was preserved which would vest this court with appellate jurisdiction on the ground that the case involves the construction of Federal or State constitutions. See again Cirese v. Spitcaufsky, supra, and cases therein cited.
The fact that the City of Fulton is a party to the cause does not vest this court with appellate jurisdiction of the case. City is not a political subdivision of the State within the meaning of Const. Art. V, § 3, supra. Smith v. City of Sedalia, 228 Mo. 505, 128 S.W. 735; McGill v. City of St. Joseph, Mo.Sup., 31 S.W.2d 1038; Associated Holding Co. v. W. B. Kelley & Co., 336 Mo. 851, 81 S.W.2d 624; Stratton v. City of Warrensburg, Mo.Sup., 159 S.W.2d 766.
When the object of an action is not to obtain a money judgment, but other relief, the "amount in dispute," in an appellate jurisdictional sense, must be determined by the value in money of the relief to plaintiff, or the loss to defendant, should the relief be granted, or, vice versa, should the relief be denied. Evens & Howard Fire Brick Co. v. St. Louis Smelting & Refining Co., 48 Mo.App. 636; Frank Schmidt Planing Mill Co. v. Mueller, 347 Mo. 466, 147 S.W.2d 670; Fanchon & Marco Enterprises v. Dysart, Mo.Sup., 189 S.W.2d 291. In plaintiffs' petition, it was alleged the land within the corporate limits of the city contains fire clay of the reasonable market value of $35,000; and the trial court's decree recites an admission by defendant's counsel that the value of "fire clay on the position of the premises described in plaintiffs' amended petition lying within the city limits of the City of Fulton is in excess of $7,500." However, it would seem the "amount in dispute" in the instant case is not the value of the fire clay on the land. The amount in dispute in the instant case is the value of the relief in protecting the rights of plaintiffsthe rights of plaintiffs Pierson to enter upon the land of plaintiff Ingle and take the fire clay therefrom and the right of plaintiff Ingle to royalties for the fire clay mined from the land. See and compare Superior Press Brick Co. v. City of St. Louis, Mo. Sup., 152 S.W.2d 178. There was no affirmative showing in the record of the profits plaintiffs Pierson could or would reap in mining operations contemplated by the lease. And there was no affirmative showing in the record that, if mining operations were engaged in as contemplated by the lease, plaintiff Ingle would receive an amount in royalties in excess of $7,500. No doubt the value of the fire clay on the land within the corporate limits of Fulton has a relation to the value of the relief which the plaintiffs sought and the trial court granted, Frank Schmidt Planing Mill Co. v. Mueller, supra; but the money value in gross of the fire clay on the land could not, we believe, represent the (net) money value of the right to go on the land and remove the clay. Superior Press Brick Co. v. City of St. Louis, supra; Frank Schmidt Planing Mill Co. v. Mueller, supra; Crescent Planing Mill Co. v. Mueller, Mo.Sup., 117 S.W.2d 247, 118 A.L.R. 709. And see again Fanchon & Marco Enterprises v. Dysart, supra.
In our examination of the record we have found no ground invoking the appellate jurisdiction of this court.
The case should be transferred to the Kansas City Court of Appeals.
It is so ordered.
LOZIER and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.
All of the Judges concur.